JOHN H. BURTON *vs.* JAMES AUSTIN and CHARLES R. BLAKE.

The plaintiff in ejectment cannot recover damages for rents and profits, unless he recovers the land sued for; then the damages follow by force of the statute.

The plaintiff, in such case, must have title, as against the defendant, both when his action is commenced, and when it is tried.

Ejectment by mortgagee, commenced after a decree of foreclosure, is defeated by mortgagor's paying the amount of decree, which destroys the title of the mortgagee.

This was *ejectment* for the undivided half of lot no. 167, in Highgate. Plea, *not guilty*. On the trial in the county court, the plaintiff read in evidence a mortgage deed from the defendant, *James Austin*, to himself, conveying the undivided half of said lot, dated Nov. 26, 1828, and given to secure the payment of a note of that date for $100. The plaintiff, also, read in evidence the copy of a deed, duly certified, from the defendant, *Austin*, to the defendant, *Blake*, of the same undivided half of said lot, dated June, 1829, and describing said premises as subject to said mortgage to the plaintiff. And, it being admitted, that the defendants were in possession at the commencement of the suit, the plaintiff rested his case. The defendants gave in evidence the record of a foreclosure in favor of the plaintiff against the defendants, upon the mortgage aforesaid, showing a decree obtained by the plaintiff at the January term, 1830, the time of redemption to expire in January, 1831. The defendants then proved, that, within the time limited by said decree, to wit, on the 12th day of December, 1830, but after the commencement of this action, they paid the amount decreed, with the interest thereon, in full satisfaction of the decree. The defendants contended, that, on proof of these facts, the action was defeated, and they were entitled to a verdict. But the court decided, that the ejectment was not defeated by said payment, but the plaintiff was entitled to proceed for his costs in the ejectment, until the same were paid, and, accordingly directed a verdict for the plaintiff to recover nominal damages and his cost. To which decision the defendants excepted, and the case was thereupon reserved for the opinion of this Court.

After argument by *Stevens*, for the defendants, and *Smalley* and *Adams*, for the plaintiff,

FRANKLIN,
January,
1832.

Burton,
vs.
Austin et al.

HUTCHINSON, C. J., *pronounced the opinion of the Court.*—
The plaintiff, as mortgagee, has recovered nominal damages and
his cost, but has not recovered the land sued for. The county
court, it seems, considered that the defendant's paying the amount
of the decree of foreclosure, still left them liable to pay what cost
had arisen in the action of ejectment at the time of such payment,
though such action was commenced after the decree was made.

In revising this decision, we are led to examine the title of the
mortgagee to the mortgaged premises. His title enables him to
hold till his debt is paid. At common law, he is entitled to sue
forthwith, and obtain possession ; but then he must account for
the rents and profits, in case of redemption afterwards. By our
statute, the mortgagor has right to hold possession till failure of
payment of some instalment. If the mortgagee recover posses-
sion and damages for rents and profits, these rents and profits so re-
covered, if collected, as well as the rents and profits taken from the
premises by the mortgagee, go so far in payment of the debt, when-
ever the mortgagor chooses to pay the residue. If the mortgagee
gives no deed, but conveys the debt, this conveyance of the debt
carries, in equity, the land also, as a security for the payment of the
debt. But if ejectment is brought, it must be in the name of mortga-
gee, or of one who holds under him by deed. And, if the plaintiff in
ejectment does not own the debt, he recovers and holds in trust for
him who does own the debt. And no such transfer can take
away the right of the mortgagor to have the rents and profits, by
whomsoever taken, applied in payment of the mortgage money,
until an actual foreclosure.

Our statute has regulated the action of ejectment, also, and
given a form of action not known at common law : and
by section 88, on page 84–5, provides, that the plaintiff shall re-
cover as well his damages, as the seizin and possession of the
premises ; and, by that and another statute, the judgement, while
in force, makes a good title to the premises, in the party recov-
ering, whether he be plaintiff or defendant. This has been con-
strued, and must be construed, to mean a judgement rendered up-
on the trial of the merits. If a judgement upon the merits is de-
cisive of title, care must be taken that no recovery shall be had
by plaintiff when he has no title. The county court, bearing
this in mind, did not suffer the plaintiff to recover the premises sued
for, because his title was gone, by payment in full of the mort-
gage money. But considering that the plaintiff had title, when
he commenced his action, the defendant was liable to pay the
costs, which had accrued, while that title in the plaintiff continued.

They, therefore, directed a verdict for the plaintiff, with nominal damages only. Here a question arises, whether the plaintiff in ejectment can recover damages in any case, unless he recovers the land. This question was agitated in Chittenden county, three or four years since, in a case of so great equity on the part of the plaintiff, that the Court entertained a strong inclination to support it, if possible. That case seems not yet reported. I believe it was the case of *Catlin* vs. *Blake.* The plaintiff had a good title as against the defendant, when he commenced his action; but, pending the suit, a decree in chancery between him and one Tuttle had compelled each to quit to the other various lots of land ; among which this lot, then in the possession of Blake, was to be conveyed by Catlin to Tuttle. He made a conveyance accordingly. Blake set up this conveyance in his defence, showing the title out of the plaintiff. It was evident, the plaintiff could not recover the land, for his title was gone. But he was equitably entitled to the rents and profits, as damages, during all the time in which his title continued, and the defendant had those profits. The decision upon this point was carried to the Supreme Court, where it was decided that the recovery of damages was an appendage of the recovery of the land, in the action of ejectment ; and that, as the plaintiff could not then recover the land, his title being gone, he was entitled to recover no damages in that action. This terminated the cause in favor of the defendant against Catlin. We must consider this decision as an authority, that the plaintiff cannot recover damages, in an action of ejectment, unless he recovers the land sued for, and then the damages for rents and profits follow as an appendage of the land itself.

The plaintiff must have a good title, as against the defendant, both when he commences his action of ejectment, and when the same is tried. This is laid down in *Adams on ejectment, page* 32 ; and supported by several authorities there cited.

The same author, on page 33, suggests, however, that the right of possession expiring, pending the suit, would not prevent a recovery. To support this he cites the 14th of *East's Rep.* 488, *Doe, ex dem. Grundy* vs. *Clark.* But there is no such law in that case, nor do I find any such in any book whatever. The only point, decided in that case, was, that the overseers of the poor could not maintain ejectment against a defendant, who took possession under former overseers, and who had never acknowledged himself to be holding under the plaintiffs.

We may now enquire how these principles affect the present

FRANKLIN,
*January,*
1832.

Burton
*vs.*
Austin et al.

FRANXLIN,
January,
1832.

Burton
vs.
Austin et al.

action.   The plaintiff admits, that he ought not to recover, if this suit had been commenced after the defendants had paid up the mortgage money, contained in the decree of foreclosure.   But he contends, that he had a good cause of action when it was commenced ; and that the defendants cannot volunteer to pay the amount of the decree and defeat this action, without paying the cost of this suit, likewise.   We think this does not present a case of voluntary payment, in the sense supposed in argument.   The plaintiff in his own time brought his bill of foreclosure, and obtained a decree, without opposition from the defendants.   While that decree was running, the plaintiff brought the present suit.   When the decree was about to expire, and the defendants must either pay, or forever lose the land, they paid the full sum in compliance with the terms of the decree.   This payment was no more to be deemed voluntary on the part of the defendant, than if he had paid the same sum on an execution, to prevent being imprisoned. The plaintiff brought this action probably supposing there would be no redemption, and wishing in that event, to obtain possession as soon as possible, after the title became absolute in him.   But it was at the risk of a judgement against him in case of redemption.   The plaintiff's title being a mere security for his debt, and he being entitled to recover no damages, prior to actual foreclosure, but what would be money in his hands as part payment of that debt, as soon as that debt was paid, his title was wholly gone ; and he had no remaining equitable right to damages, any more than he had legal right ; for the defendants were obliged to pay interest for the money till the debt was actually paid.

If there had been no decree of foreclosure, and the defendant had offered payment, the plaintiff would not have been obliged to receive any thing, till the whole was offered, including all costs legally made.   But, if he consents to receive the principal debt, and discharges it, without insisting upon costs in collateral suits, it is difficult to discover his right afterwards to compel payment of those costs.

The decision, we now make, is in accordance with the decision in the case of *Edgell vs. Stanfords*, reported in the 3d *Vol. of Vermont Reports, page* 202.   The question in that case was rather one of practice ; whether the plaintiff, in ejectment on mortgage, must produce his note on trial, to avoid the presumption of payment, or whether the defendant must prove payment in order to avail himself of it.   The Court decided, that the plaintiff must produce his note, or fail to recover.   They considered the debt

FRANKLIN,
*January,*
1832.

Burton
*vs.*
Austin et al.

the principal matter in controversy ; and, as the evidence of that debt was in possession of the plaintiff, it would be no hardship for him to produce it.   The plaintiff's counsel   seem to have indulged a hope that they should  persuade this Court not to treat that case as authority : but they have not persuaded us to overrule it.   It must be required of the plaintiff to produce the note, either on trial, or on fixing the sum due in equity.   And he may as well produce it on trial as afterwards.   The truth is, the giving of the mortgage deed acknowledges the giving of the note therein described ; but it does not acknowledge its existence at any later period.   The mortgagee is the keeper of the note.   If any payments are made upon it, it is usual to indorse those payments, and preserve no other evidence of them.   It would be wrong, in such a case, to permit the plaintiff to pocket his note, and recover judgement, unless the defendant could prove these payments by other testimony.  Moreover, there might be no such note, by reason of a misdescription in the mortgage, as was Edgell's case.   And it would be  very  unjust to let the  plaintiff  recover the land upon the strength of  a note, which had no existence, and then sue the actual note and recover its amount.   This would be turning about the established rule of evidence, that the party possessing papers, must produce them, if he would derive any benefit from them.

We consider the doctrine of that case, not permitting a mortgagee to recover in ejectment, unless he yet has a debt secured by his mortgage, to be correct.   And both from the authority of that case, and from general principles, as, also, from the reason of the case, we consider the  judgement of  the county court erroneous, and the same is reversed, and a new trial is granted.

The plaintiff, after this  decision, not wishing for another trial, consented to a judgement for the defendants, and the Court allowed the defendants to tax cost only  from and after the  time when he satisfied the decree of foreclosure.