JOB LYMAN *vs.* LYMAN MOWER, SIMON WARREN, et al.

In an action of ejectment, a mortgagee is entitled to recover rents and profits against the assignees of the mortgagor from the time the plaintiff shows notice to quit, and in the absence of such notice from the service of the writ.

This was an action of ejectment, brought by the plaintiff to recover the premises which were mortgaged to him, against the defendants, who were in possession and claimed them as assignees of the mortgagor. A judgment by default was rendered for the plaintiff, November term, 1833, and the question of damages referred to the decision of the court. A motion to redeem was made by the defendants.

The defendants offered evidence tending to prove that the premises were worth four or five hundred dollars more than the sum due on the mortgage.

The plaintiff offered evidence tending to show the premises worth about the amount due on the mortgage, and insisted upon the rents and profits as damages during the period which had elapsed since the commencement of this suit.

The court decided that the plaintiff was entitled to the rents and profits from the commencement of the suit, and decreed time for redemption till April, 1834.

To this decision and decree the defendants took their exceptions, which were allowed and certified, and the cause passed to this court.

WINDSOR,
February,
1834.

Lyman
vs.
Mower et al.

*Charles Marsh for plaintiff.*—The only question presented for decision in this case is, whether in any case of ejectment on mortgage against the assignee of the mortgagor, any thing more than nominal damages can be recovered.

In *Keech* vs. *Hall* it was decided that the lessee of the mortgagor in ejectment by the mortgagee, was not entitled to notice to quit, but might be treated as a trespasser. It is not in that case decided that trespass for mesne profits would lie, though it is intimated that it would under some circumstances. But our statute comes to our aid, directing that plaintiff in ejectment shall recover as well his damages as the seizin and possession of the premises.—Doug. 21.

In *Moss* vs. *Gallimore*, it was holden that the mortgagee might distrain for rent in arrear at the time tenant received notice of the mortgage, though the lease was executed before the mortgage, on the ground that by the deed the mortgagor parted with all his interest in the estate with all its appendages.— Doug. 279.

In *Stanbury* vs. *Dean*, this court held that after the law day expires, and notice to quit by mortgagee, he may recover the mesne profits in ejectment.—Bray. 166.

In *Atkinson* vs. *Burt et al.* in this court, Skinner then Ch. J. goes briefly into the subject, and the court decide (Prentiss dissenting) that in ejectment on mortgage against the grantees of the mortgagor (he having transferred his equity of redemption after the law day had expired) that damages should be assessed for the mesne profits from the period that the tenants had notice to quit, and if no notice, then from the commencement of the action.—1 Aik. 329.

The same doctrine is recognized in the case of *Babcock* vs. *Kenedy.*—1 Vt. R. 457.

So far therefore as the decisions of this court go, the question may be considered as perfectly settled that the mortgagee may recover in ejectment either against the mortgagor or his assignee, damages for mesne profits, after time of redemption has expired and notice to quit, or in failure of notice, from the service of the writ.

It is not easy to see why notice to quit in either case should be required before mortgagee's claim to rents, &c. can arise. It is clear, that at common law, none is necessary, even to the mortgagor; and if he is to be regarded as a trespasser, it would

WINDSÓR,
February,
1834.

Lyman
vs.
Mower et al.

seem that his assignee could stand in no better light.—3 East. 450.

Tenant *in mortgage* (the mortgagor in possession may be so called) is like tenant at will in some respects, and like a tenant at sufferance in others. Like tenant at will, he is not entitled to notice to quit. Like a tenant at sufferance, he cannot enter and-take the emblements which a tenant at will may do.

No case is known where it is decided that trespass for mesne profits will not lie after a recovery in ejectment on a mortgage.

The practice of allowing plaintiff to recover his damages for mesne profits in ejectment on a mortgage either against the mortgagor or his assignee, is settled here; and it is believed to subserve the purposes of justice.

If the premises are worth more than the mortgage money, defendant will redeem, and the judgment for damages will become inoperative, and defendant not injured by it. It serves merely as an inducement to defendant to redeem. If they are worth less, the mortgagor ought to have the damages—the rents in aid of his security.

No reason therefore is perceived for disturbing the practice so well settled.

At common law, the mortgagee is entitled to enter and take the rents from the moment the mortgage is executed; and by our law, as soon as condition is broken: though in case of final redemption, he must account for the profits.

Why mortgagee should not have a right to recover by judgment, what he may enter and take without legal process, is readily perceived.

*Isaac N. Cushman, contra.*

The opinion of the court was pronounced by

MATTOCKS, J.—The only question that properly arises in the case is, whether the plaintiff, who was the mortgagee of the premises sued for, is entitled to recover rents and profits against the defendants, who are the assignees of the mortgagor, from the time the plaintiff shews notice to the defendants to quit, and without such proof, from the time of the service of the writ; and this question having been, by three successive decisions of the supreme court, determined in the affirmative, it is now a concluded, rather than an open question.

WINDSOR,
February,
1834.

Lyman
vs.
Mower et al.

In *Stanbury* vs. *Dean*, (Bray. R. 166,) it was decided that the mortgagee may recover against the mortgagor after condition broken. In *Atkinson* vs. *Burt*, (1 Aik. R. 329,) it was decided that in ejectment, mortgagee against the grantees of the mortgagor, damages may be assessed for mesne profits after notice to quit, and if no notice, after the commencement of the action. And in *Babcock* vs. *Kenedy*, (1 Vt. R.) it was adjudged that the mortgagee, after the law day is passed, and notice to pay him rent, is entitled to recover the rents and profits: and the case of *Atkinson* vs. *Burt* is cited and approved by the judge who delivered the opinion of the court. These triple reported cases have settled the law on this subject, and it were useless to go over again the reasons on which the decisions were made; and we have seen no injurious consequences in practice resulting from these determinations.

Judgment of the county court is affirmed.