HENRY Y. BARNES *v.* AARON L. BEACH, BIRDSAY NEWELL AND ALPHEUS WILLIAMS.

A mortgagee, who commences an action of ejectment against the mortgagor and his tenant after the making a decree of foreclosure and before the same becomes absolute, and who takes possession of the premises upon their being surrendered to him by the defendants at the expiration of the time limited for redemption by the decree, the premises being of value equal to the mortgage debt with interest and costs, is still entitled to judgment in the action of ejectment for nominal damages and costs.

EJECTMENT for land in the town of Charlotte. Plea, the general issue, and trial by jury,—BENNETT, J., presiding.

On trial the plaintiff gave in evidence a mortgage deed to himself of the demanded premises, dated July 15, 1842, executed by the defendant Beach, and given to secure the payment of certain promissory notes therein described, and also a decree of foreclosure by the court of chancery, dated November 26, 1842, by which it was ordered that Beach pay to the plaintiff, who was then orator, the amount due upon the said mortgage notes, and also the amount due upon a prior mortgage of the same premises, of which the plaintiff had become assignee, by the fourth Tuesday of November, 1843, or be foreclosed. The plaintiff also introduced evidence tending to prove, that, on the ninth day of May, 1843, he demanded of the defendants the possession of the premises, and that the writ in this suit was served upon the defendants on the thirteenth day of July, 1843, they being then in possession of the premises, and that the value of the rents and profits of the premises was seventy five dollars per year.

The defendants then offered evidence tending to prove that the defendants Williams and Newell hired the premises in question of Beach in the spring of 1843, and that in the fall of 1843, and after the time limited for redemption by the decree of foreclosure had expired, the premises were surrendered to the plaintiff, and that he took possession of the same under the decree and had ever since retained posession of them, and that, when the equity of redemption under the decree expired, the premises were of greater value than the amount of the mortgage debts secured upon them with the interest and the costs of the proceedings in the court of chancery. To

Barnes *v.* Beach et al.

the admission of this testimony the plaintiff objected, but the objection was overruled by the court.

The court instructed the jury, that, if they found from the evidence, that the plaintiff had taken possession of the mortgaged premises after the equity of redemption under the decree of foreclosure had expired, and had appropriated the same to his own use, and that he was in possession of the premises at the time of trial, and that their value, at the time the equity of redemption expired, was equal to the amount of the mortgage debts and the interest thereon and costs of foreclosure, they would return a verdict in favor of the defendants; but that, if the value of the premises was less than that amount, they would return a verdict in favor of the plaintiff for the difference, in case the difference did not exceed the value of the rents and profits of the premises for that year; and if the difference should exceed that amount, that then they should return a verdict for the plaintiff for the value of the rents and profits for that year.

Verdict for defendants. Exceptions by plaintiff.

*Briggs & Underwood* for plaintiff.

1.    The legal title to the premises was in the plaintiff, and he had, of course, a legal right to the possession, and nothing short of a better title can be any defence to this action.

2.    Having such title, the plaintiff had the right to recover for the rents and profits of the premises in this action. Rev. St. 215, § 4.   *Lyman* v. *Mower et al.*, 6 Vt. 345.   *Wilson* v. *Hooper et al.*, 13 Vt. 653.

3.    There was error in the court below in admitting the evidence objected to, as it went to prove an extraneous and collateral issue on the part of the defendant.   *Sinclair* v. *Jackson ex dem. Field*, 8 Cow. 543.

4.    The plaintiff having a right to the possession at the commencement of the suit, he had, of course, a right to the action to obtain the possession, and no subsequent act, or event, which the case presents, can deprive him of the right to recover.

*J. Maeck* and *C. D. Kasson* for defendants.

1.    Since the adoption of the Revised Statutes, giving to the orator in a bill for forclosure his writ of possession on the expiration

of the decree, the necessity and sole object of the action of ejectment is superseded. It is a mode of *ejecting* the defendant and obtaining possession; and we apprehend that a mortgagee would not be allowed to proceed to judgment in both actions at the same time, if the object be to recover the possession merely. If he could not thus proceed, it follows, that, in the case at bar, he could not have been entitled to judgment for the land; and not being entitled to that,—the damages being a mere incident to the recovery in chief,—neither can he recover for mesne profits. This was expressly decided in *Burton* v. *Austin et al.*, 4 Vt. 105, and *Catlin* v. *Blake*, there cited; *Smith* v. *Benson*, 9 Vt. 138.

2. But the plaintiff took possession of the land at the expiration of the decree; this, we claim, defeated his right to recover the land in this action. It is well settled, that a plaintiff in ejectment must have the right of recovery, both at the commencement of the suit and at the time of trial. Arch. Pl. 329. The writ abates in such case. Com. Dig., Abatement H. 47. *Burton* v. *Austin et al.*, 4 Vt. 105. *Jackson ex dem. Clowes* v. *Hakes*, 2 Caine 335.

3. It is now well settled, that a mortgage is but an incident to the debt, and consequently, that, when there is no debt, there is no mortgage, (*Edgell* v. *Stamford*, 3 Vt. 202,) and hence *no title*. It is also equally well settled, that, if a party takes possession under a decree of foreclosure, divested of all equity of redemption, it is a satisfaction of his debt, provided the value of the land is equal to the amount of debt, interest and cost. *Lovel* v. *Leland*, 3 Vt. 581.

4. If it be contended, that, even though the plaintiff might not be entitled to rents and profits, yet that he *is entitled to nominal damages*, we answer,—1, That in *Burton* v. *Austin et al.*, 4 Vt. 105, the contrary was expressly decided;—2, That the plaintiff thought proper to seek redress by foreclosure, obtained a decree and took possession of the premises; and, having made his election of his remedy, he is bound by it.

5. If, as is said in *Lovel* v. *Leland*, the plaintiff has obtained entire satisfaction, he can, of course, have no farther claim. He is left in the same position, as though the mortgagor had redeemed and thus satisfied the debt; and this is only another mode of satisfaction.

6. But in any event the action for rents cannot lie against the mortgagor, nor against his tenants, if they have paid the rents to

him.   The mortgagee takes his interest on the debt to the time of the expiration of the decree in lieu of rents.   *Keech* v. *Hall*, 1 Dougl. 21.   *Moss* v. *Gallimore*, Ib. 280.   *Atkinson* v. *Burt*, 1 Aik. 329.   3 Atk. 214.   The case does not show, that the sub-tenants had not paid their rent to the mortgagor ; and if they had, they might thus be compelled to pay *twice.*   If the plaintiff is not entitled to recover the *land*, as against the mortgagor, he is not as against his assignees, and hence cannot recover rents, which are the incident. *Wilder* v. *Houghton*, 1 Pick. 88.

The opinion of the court was delivered by

REDFIELD, J.   It has been decided in this State, that, in a case like the present, the payment of the mortgage money on the decree of foreclosure, pending the action of ejectment, will defeat the right to recover even nominal damages and costs, and that the defendant will be entitled to recover his costs.   *Burton* v. *Austin*, 4 Vt. 105. This case was viewed by the court below as coming within the same principle, after the decree of foreclosure had expired and the plaintiff had taken possession of the premises, they being of sufficient value to pay the mortgage debt.   But this, we think, was not a correct view.   By the payment of the money, which the mortgagor has the right to make, the title of the mortgagee is taken away.   And as the plaintiff in ejectment must not only have title at the commencement of his suit, but also at the time of judgment, the payment of the mortgage money defeats the action.

But here, by the decree becoming absolute and the entry of the mortgagee, the title becomes confirmed ; so that the plaintiff had good title, both when he brought the suit and at the time of trial ; and the fact, that the defendants had in the mean time surrendered the premises, will only operate to reduce the damages, like restoring goods in trespass, or trover.   So that we do not see why the plaintiff was not entitled to a verdict for nominal damages and costs, which, to make themselves entirely safe, the defendants should have paid at the time they surrendered the possession.

If this judgment for the defendants in ejectment, which, by our statute, is made conclusive upon the title to the land, should be affirmed, it would, *prima facie*, divest the plaintiff of the title, and would, in any view, be a serious embarrassment upon the title, by

compelling him to show the ground upon which it was rendered, which would not appear by the record, unless this bill of exceptions had been filed.

Many other questions have been discussed at the bar, which it is not necessary farther to notice, than to say, that the mortgagee, after condition broken, may sustain ejectment for the premises against any one, and may recover damages against a stranger for the detention after notice to quit, and also against the mortgagor, or his tenant, unless in the mean time the debt and interest have been fully paid, to the time of the decree becoming absolute,—and after that, nominal damages and costs. *Atkinson* v. *Burt*, 1 Aik. 329. *Lyman* v. *Mower*, 6 Vt. 345. *Babcock* v. *Kennedy*, 1 Vt. 457.

Judgment reversed and case remanded.