ROBERT BEACH 2d *v.* CLARISSA BEACH AND WALTER BEACH.

If the plaintiff in ejectment have title to the demanded premises at the time of the commencement of his action, and also at the time of trial, he is entitled to recover, notwithstanding there may have been an intervening period, during which he had no title, by reason of his having conveyed the premises to a third person.

And if the plaintiff, during the pendency of the action, have taken possession of the premises, whether forcibly, or otherwise, and retained the possession until the time of trial, this will not deprive the plaintiff of his right to recover of the defendant damages for the rents and profits while the defendant was wrongfully in possession, notwithstanding it may appear, that the plaintiff, after he took possession of the premises, conveyed the title to a third person, but acquired it again previous to the trial.

The case of *Burton* v. *Austin,* 4 Vt. 105, considered, and its authority limited.

EJECTMENT. Plea, the general issue, and trial by jury, September Term, 1846,—BENNETT, J., presiding.

On trial it appeared, that, after the commencement of this suit, and about the first of April, 1845, the defendants, who had been in possession of the premises until that time, executed a written lease of the premises to certain tenants for one year, and that the lessees thereupon entered into the possession and remained until about the first of October, 1845, when, during their temporary absence, and while there was no person upon the premises, the plaintiff entered into the possession and retained it until the time of trial. The defendants also gave in evidence a deed of the premises, with covenants of warranty, executed by the plaintiff to one John A. Place, dated November 19, 1845, and subsequent to the time when the plaintiff entered into the possession. To the admission of this deed in evidence the plaintiff objected; but the objection was overruled by the court.

The plaintiff then offered in evidence a deed of the premises from John A. Place to himself, dated March 11, 1846, and duly recorded. To the admission of this evidence the defendants objected; but the objection was overruled by the court.

The defendants then introduced Place as a witness, and offered to prove by him, that the object of the deed from Place to the plaintiff was to enable the plaintiff to recover in this suit, and that, by a parol agreement between Place and the plaintiff, that deed was only to operate as a mortgage;—and this evidence was admitted, subject to the opinion of the court. Place testified, that, about the time of the date of his deed to the plaintiff, the plaintiff told him the premises were in suit, and he did not know whether he should hold the farm, or not, and wanted that he should give up the bargain and deed back the farm; and that he did so; that when he purchased of the plaintiff, he

paid $600 of the purchase money and gave his notes to the plaintiff for the balance; and that when he deeded back, he received his notes, and the plaintiff was to repay to him the $600 and interest.

The court instructed the jury, that, even if a recovery in this suit was an inducement on the part of the plaintiff to get back the premises, it would not defeat the plaintiff's title under his deed from Place, and that, in the opinion of the court, the evidence was insufficient to show that the deed from Place to the plaintiff was a mortgage. The court also instructed the jury, that although the deed from the plaintiff to Place divested the plaintiff of his title, yet that his title would be restored by the deed from Place to him; and that the action would not be defeated by the plaintiff's having parted with his title for the time intervening between these two deeds, if he had a good title at the commencement of the suit, and thence until and at the time of trial, with the exception of such intervening time. The jury were also instructed, that, if the plaintiff recovered, he was entitled to recover the rents and profits of the premises during the time while the defendants and their tenants were in possession, but not for any thing accruing subsequent to the time, when the plaintiff entered into the possession.

The jury returned a verdict for the plaintiff for the premises, together with damages for the rents and profits to the time when the plaintiff entered into possession. Exceptions by defendants.

*Briggs & Underwood* and *Kasson & Buckley* for defendants.

The plaintiff, having taken the law into his own hands and taken forcible possession of the premises, pending the suit, has obtained all for which the suit was brought, and is not entitled to a writ of possession against the defendants. Archb. Pl. 329. Having parted with his title after he had taken forcible possession of the premises, his right to the possession was gone. If he recover at all, it must be upon the title he had at the time he commenced the suit, which must be kept good until the time of trial. *Gibson* v. *Seymour et al.*, 3 Vt. 565. *Burton* v. *Austin et al.*, 4 Vt. 105. *Jackson* v. *Rowland*, 6 Wend. 666. A plaintiff in ejectment cannot purchase a title, pending the suit, upon which to recover. The deed from Place to the plaintiff was void for *champerty*; it was executed, with a knowledge, by each party to it, of the pendency of this suit, and for

the purpose of strengthening the title upon which to sustain the suit. *Jackson* v. *Fletcher*, 8 Johns. 479. *Jackson* v. *Andrews*, 7 Wend. 152. *Murray* v. *Ballou*, 1 Johns. Ch. R. 573 ; 2 Ib. 444. 2 Bac. Abr., (Bouvier's Ed.) 182. 4 Bl. Com. 134.

If the plaintiff is permitted to recover upon his new title, he should not recover rents and profits which did not accrue under it. The defendants have never held the premises against this title. When the plaintiff sold the premises, he deprived himself of the right to recover the past rents and profits in the action of ejectment, and would have been compelled to resort to the action for use and occupation ; and, having separated the rents and profits from the action of ejectment, he cannot again attach them to it by a champertous purchase of the premises.

*A. Peck* for plaintiff.

I. The entry into possession by the plaintiff in ejectment does not defeat the action.

1. The object of the action is two-fold,—the recovery of possession and damages for the *ouster*, and, under our statute, the rents and profits also. The plaintiff has a right, at common law, to proceed to judgment, first, to recover his damages for the *tort*, secondly, to lay the foundation for an action of trespass for rents and profits ; and the reason is still stronger for sustaining the action in this state, as the plaintiff recovers rents and profits. It is like the recaption of the property, pending an action of trespass *de bonis asportatis;* it only affects the damages. *Barnes* v. *Beach et al.,* 18 Vt. 146.

2. If an actual entry and forcible expulsion of the *defendants* by the plaintiff, pending the action, would be a defence, the facts in this case cannot prejudice the plaintiff's recovery, as the defendants had left the possession before the plaintiff's entry; so that the plaintiff did not enter upon, or expel, the defendants, but mere strangers to the suit and the title, who had intruded, pending the action.

II. The facts, as to the conveyance of the premises by the plaintiff to Place and by Place back to the plaintiff, do not constitute a defence.

1. At common law, to maintain this action, it is not necessary, that the plaintiff should have title at the time of trial ; it is only

necessary, that he have title at the commencement of the action; and if he have no title at the time of trial, he recovers judgment, but has no writ of possession. This is in analogy to other actions; when a debt is paid, or a cause of action is satisfied, pending suit, the plaintiff recovers nominal damages and costs. 2 Stark. Ev. 404. Adams on Ej. 34. *Dawson* v. *Porter*, 2 Ham. 304. *Doe d. Morgan* v. *Bluck*, 3 Camp. 447. *Thrustout* v. *Grey*, 2 Str. 1056. The case of *Doe d. Morgan* v. *Bluck* was affirmed by the court of King's Bench, on motion to set aside the verdict on this very point. The same doctrine is established in New York, even in a case, where, at the trial, the defendant had title. *Jackson d. Henderson* v. *Davenport*, 18 Johns. 295. The reason is stronger for sustaining the action in this state; since, instead of laying the foundation of an action of trespass for rents and profits, the recovery here includes rents and profits.

2. The decisions in this state do not go to the extent of defeating an action against a mere stranger, when the plaintiff is divested of his title before trial. *Burton* v. *Austin et al.*, 4 Vt. 105, was ejectment by a mortgagee against a mortgagor, who at the same time brought a bill of foreclosure in chancery, and obtained a decree,— which was paid by the defendant before trial in the ejectment; so that the defendant had the title. In *Catlin* v. *Washburn*, 3 Vt. 25, it was held, that a decree of foreclosure against the plaintiff did not defeat the action; and in *Gibson* v. *Seymour*, 3 Vt. 565, it was held, that a deed, absolute in terms, but intended as a security, did not defeat the action. In those cases, where the plaintiff's action has been defeated, it has appeared, not only that the plaintiff's title was divested, but also that the title was in the defendant; and, as a recovery here is evidence of title, it may be a reason, why, in such case, judgment should be for the party having title at the trial. Originally the plaintiff in ejectment recovered nothing but damages, and had to resort to equity for a restitution of his land; but afterwards courts of law allowed a recovery of the land, as well as damages and costs. How, then, can the action fail, if the plaintiff had title at the time of *ouster* and at the commencement of the suit, although the title had expired at the time of trial? 3 Bl. Com. 200.

3. But if it is indispensable to a recovery, that the plaintiff show title at the trial, it must be for the reason, that the recovery is, in

this state, evidence of title; and no case goes farther, than to require title in the plaintiff at the commencement of the suit and at the time of trial; and this the plaintiff had in this case,—having the same title at the trial, upon which the suit was brought. The same reason,—the conclusive operation of the judgment upon the title,—which forbids a recovery by the plaintiff, when he has no title at the time of trial, forbids a recovery by the defendant in this case, when the plaintiff shows title at the time of trial.

The opinion of the court was delivered by

HALL, J. The principal question in the case is, whether the plaintiff, having parted with his title in the premises during the pendency of the action, but acquired it again before the trial, is thereby deprived of his right of recovery?

In *Burton* v. *Austin,* 4 Vt. 105, which was ejectment by a mortgagee, the title, during the pendency of the action, had passed to the mortgagor by a redemption of the land on a decree of foreclosure in chancery. The plaintiff having no title at the time of trial, it was clear he should not recover the land; but having had a good cause of action at the commencement of the suit, he claimed to recover nominal damages for the original trespass and his costs; and the county court allowed him to do so. This decision of the county court was in conformity to acknowledged principles in other actions; but the supreme court reversed the decision, and rendered judgment for the defendant; holding that damages, in the action of ejectment were not a distinct ground of action, but were merely accessory to the recovery of the land,—that if the land was not recovered, damages could not be. This decision does not seem to be in accordance with the English doctrine.

The English action of ejectment appears to have been originally devised, to enable the tenant of a leasehold estate to recover damages for an unlawful dispossession; and for a long period damages alone were recovered. Afterwards the plaintiff was permitted to recover, not only for the trespass, by which he had been dispossessed, but also the term itself of which he had been deprived; and upon the judgment a writ of possession issued, as well as an execution for damages. The object of allowing the additional recovery of the land was to make the remedy more complete; and there does not seem

Beach v. Beach et al.

to be any very obvious reason, why such additional recovery of the land might not be dispensed with, where the facts of the case required it. I take the English law to be well settled, that a plaintiff in ejectment may recover damages for the *ouster*, although at the time of trial the term, of which he had been dispossessed, may have expired; and that such recovery of damages, after the termination of the plaintiff's title, lays the foundation for an action for *mesne* profits, in which the plaintiff recovers for the use and occupation by the defendant, during the continuance of the plaintiff's title. Adams on Eject. 6, 34. Co. Lit. 385 *a*. 3 Bl. Com. 200. Bac. Ab., Ejectment F. *Thrustout* v. *Grey*, 2 Str. 1056. *Doe d. Morgan* v. *Bluck*, 3 Camp. 447. *Robinson* v. *Campbell*, 3 Wheat. 212. *Jackson* v. *Davenport*, 18 Johns. 295. *Murray* v. *Gavretson*, 4 Sergt. & R. 130. *Brown* v. *Galloway*, Pet. C. C. 291.

The English rule seems best calculated to subserve the purposes of justice. In *Burton* v. *Austin* there was, perhaps, no great hardship on the plaintiff, who might have been pursuing two remedies on his mortgage unnecessarily; but it is easy to conceive of cases, under the law there laid down, in which the most glaring injustice would be done. Where the title of the plaintiff in ejectment is a term, say of three or five years, of which he has been dispossessed at its commencement, if the trespasser upon his rights, by use of the numerous ingenious devices for increasing the law's delay, can succeed in postponing a final trial until the expiration of the term, it is obvious the result will be, that the defendant will freely enjoy the fruits of his trespass for the whole period, without account, and the plaintiff will not only lose the whole use of his land, but will moreover be compelled to indemnify the defendant for his misconduct, by paying his bill of costs. It is not intended to say, that there may not be reasons, arising out of the language of our statute, for sustaining the decision in *Burton* v. *Austin;* and perhaps it is now too late to question its authority. But, for the reasons already given, I do not think it ought to be extended to embrace cases not coming strictly within its doctrine.

The doctrine, that a plaintiff in ejectment, in order to recover *the land*, must show a title at the time of trial, is well established, and is founded on the clearest principles of justice; for otherwise the defendant might be dispossessed, after he had become the real owner;

12

and the judgment for the plaintiff, being conclusive between the parties as to the right, would fix the title in the plaintiff, though not the real owner.   None of the cases in this state have, however, gone the length of declaring, that the plaintiff shall be precluded from a recovery, because of a temporary suspension of his title during the pendency of the action ;  and neither the principles of law, nor the ends of justice, appear to demand such a decision.   The substantive ground of the action of ejectment is the original dispossession of the plaintiff by the defendant;  and the plaintiff's right of recovery is founded, as in England, upon his title at the commencement of the suit.   In order to protect the rights of the defendant, it is also necessary, that the plaintiff should have title at the time of the judgment;  and if the plaintiff have title at that time, a judgment in his favor cannot be justly complained of by the defendant.

In this case, it is admitted, that the defendants *ousted* the plaintiff and held the possession for a time unlawfully, and that the plaintiff had a perfect title at the time of trial.   A judgment against the defendants will do them no injustice.   It is admitted, they have no right to the possession and that the plaintiff has.   Why, then, should not the judgment be according to the right of the case ?   A judgment for the plaintiff is necessary, not only to do justice in regard to the damages, but also to preserve the title in the true owner ;  for if there be judgment for the defendant, it will, in effect, pass the title from the true owner to a mere intruder,—the statute making the judgment in ejectment conclusive of the title between the parties.

The fact, that the plaintiff, during the pendency of the action, took possession, whether forcibly, or otherwise, cannot purge the previous trespass of the defendant ;  and no damages having been recovered for rents and profits arising subsequent to the termination of the plaintiff's original title, the verdict is unobjectionable in that respect.

The result is, that the judgment of the county court is affirmed.