ROSWELL LAMSON *v.* EBENEZER G. LAMSON.

*Contract.    Consideration.    Pleading.*

Plaintiff was induced by defendant, the manager of a joint stock company and prin-
cipal owner of its stock, by false and fraudulent representations of the prosperity
of the company and of the value of its stock, to purchase stock therein of defend-
ant, and to resign an office in the navy and enter the service of the company in
Europe. Having learned that the company was not prosperous and that the stock
was worthless, plaintiff told defendant that he could not longer remain with the com-
pany, whereupon defendant proposed that if plaintiff would "take hold" at W.,
where the company was situated, and do the best he could to promote its prosper-
ity, his salary should be continued, and that, in case any change was made in the
business or management of the company whereby plaintiff should be thrown out
of employment or deprived of his salary, defendant should take back said stock
and repay to plaintiff the purchase-money thereof ; to which proposition, which
was in lieu of any cause of action that plaintiff had for said fraud, plaintiff ac-
ceded    *Held*, that in the circumstances, *q. v.*, there was consideration for defend-
ant's promise.

The declaration alleged that defendant was the manager of the business of the com-
pany, but not that the proposition was made by him as such manager. *Held*, that
the allegation that he was manager, &c., was descriptive of the capacity in which
he acted with reference to the company, but not of the capacity in which he con-
tracted with plaintiff, and that action would lie against him for a breach.

Defendant while manager, &c., dismissed plaintiff and stopped his salary "without
law or right." *Held*, that defendant having so acted, could not avoid liability
therefor on the ground that there was no such change in the business or manage-
ment as was provided for in the contract.

ASSUMPSIT. The declaration alleged that on and after Febru-
ary 14, 1865, there was at Windsor a corporation of the name of
the Windsor Manufacturing Company, the capital stock of which
was then and ever after mainly owned by the defendant, who was
then and ever after the manager of its business ; that on May 9,
1865, the defendant, knowing said stock to be worthless, and in-
tending to defraud the plaintiff, proposed to him to sell him a
part thereof, and falsely assured him that said company was doing
a good and profitable business, and that an investment in its stock
would be safe and profitable ; that the plaintiff, relying on said
representations and assurances and believing them to be true, pur-
chased of the defendant one hundred shares of said stock for the

Lamson v. Lamson.

price of $10,000, which he then and soon afterwards paid ; that plaintiff then was, and for some time prior thereto had been, a lieutenant in the navy of the United States and in receipt of the emoluments of that office, and on June 21, 1865, sailed for Europe, where he remained until July 21, 1866, when by advice of defendant he resigned said office ; that the defendant, to induce the plaintiff to resign as aforesaid, and in order to get his money, assured him that if he would do so, said company would employ him to solicit contracts and transact business with governments in Europe in behalf of said company, on a salary not'less beneficial to him than the emoluments of said office, and that the earnings and prospects of the company would insure him a more liberal pecuniary gain than said office would, which assurances were false and by defendant known to be so ; that the plaintiff resigned as aforesaid in reliance on said assurances ; that the plaintiff remained in Europe in the service of said company until June 29, 1867, when by direction of defendant he returned to said Windsor ; that he thereupon examined the affairs of said company, and found that the company had not been prosperous, but otherwise, that the stock therein had been worth little or nothing ever after January 1, 1865, and investments therein unprofitable and unsafe, that the prospects of the company were very forbidding, and that all that was well known to the defendant ; that the plaintiff thereupon immediately communicated what he had learned to the defendant, and told him that he could not longer remain connected with said company ; that the defendant admitted that the company was embarrassed, but expressed a hope that by good management the business might be made successful and profitable, and proposed to the plaintiff that " if he would take hold with them at Windsor and do the best he could to build up and promote the prosperity of the company " he should receive as compensation for his services the same salary he had received while in the service of the company in Europe, to wit, a salary of eighteen hundred dollars per year, and in case the business was not made prosperous and remunerative to the stockholders, or in case any change was made in the business or management of said company by which the plaintiff was thrown out of employment in said com-

pany, or deprived of his salary or pay for his services, then the defendant should take back the stock sold to the plaintiff as aforesaid, and pay the plaintiff the money he had paid therefor ; that that proposition was then accepted by the plaintiff, and then became binding between him and the defendant, and was in lieu of any claim or cause of action that the plaintiff had against the defendant for the fraud whereby the defendant had obtained the plaintiff's money as aforesaid ; that in consideration of the defendant's said promise the plaintiff then entered upon the service of said company under direction of the defendant, and " took hold and did the best he could " to promote the prosperity of the company, and continued therein with the utmost skill and fidelity until October 1, 1869, when the defendant " without law or right " dismissed him from the service of said company, and stopped his salary from and after that day, but leaving the sum of two hundred dollars for his services under said contract unpaid ; that by means thereof the plaintiff was thrown out of employment from that time forward and deprived of his salary as provided for in said contract ; that on November 3, 1869, plaintiff offered said shares of stock to the defendant, and offered to transfer them to him, and demanded of him the money paid therefor, but that the defendant refused to comply with the plaintiff's request, and refused to pay said money or any part thereof.

The defendant demurred. The court at the December Term, 1879, BARRETT, J., presiding, overruled the demurrer, and adjudged the declaration sufficient ; to which the defendant excepted.

*William Batchelder* and *W. C. French*, for the defendant.

The defendant's promise was without consideration. It was plaintiff's duty as a hired servant of the company, and for his interest as a stockholder, to do what he could to make the company prosperous. Promises were not mutual ; plaintiff promised nothing. 1 Chit. Pl. 297. There was no benefit to defendant nor damage to plaintiff. The frauds alleged furnish no consideration. It does not appear that defendant admitted any fraud, or understood that he was compromising any.

WINDSOR COUNTY,

If the plaintiff was discharged as alleged, he has his remedy by action against the company.

It is not alleged that any of the contingencies on which defendant was to take back the stock, &c., have happened. An act of the agent of the company, done " without law or right," was not one of the contingencies.

*Julius Converse* and *J. B. Farnsworth*, for the plaintiff.

The opinion of the court was delivered by

ROYCE, J. All the facts stated in the declaration being admitted by the demurrer, the inquiry is, do those facts constitute a legal cause of action ? The matter stated by way of inducement to the contract relied upon, would have constituted a good cause of action ; and the only materiality of that statement as affecting the question of liability upon the contract now relied upon, is in furnishing a consideration to support it, and as explanatory of the circumstances under which it was entered into.

The contract upon which the plaintiff now claims to recover, was in the form of a proposition made by the defendant to the plaintiff, that if the plaintiff would take hold with them at Windsor, and do the best he could to build up and promote the prosperity of the company and make its business profitable, remunerative and successful, he should receive as compensation for his services a salary of $1800 a year, and, in case that any change was made in the business or management of the company by which the plaintiff should be thrown out of employment in said company, or deprived of his salary or pay for his services, then the defendant would take back the stock in said company which had been sold by him to the plaintiff, and pay him back the $10,000 paid for it. There were other contingencies named in the proposition upon the happening of which the defendant was to take back and pay for said stock, but the one recited is the only one relied upon. It is alleged that the above proposition was accepted by the plaintiff and then and there became and was binding between the parties, and was in lieu of any claim or cause of action stated by way

of inducement in the declaration ; that the plaintiff, in consideration of said promise and undertaking of the defendant, entered upon the service of said company, under the direction of the defendant, who then was, and has ever since continued to be, the manager of the business of said company, and did and performed all that was required of him by said proposition, from the 29th day of June, 1867, until the 1st day of October, 1869, when the defendant without law or right dismissed him from the service of the company, and stopped his salary and pay from and after that day, leaving due to him $200 for services rendered under said contract ; that on the 3d day of November, 1869, he offered the defendant the stock so purchased of him, and to transfer the same to him, and demanded the $10,000 paid for the same, and that the defendant refused to take back said stock and pay him for the same.

It is now claimed that there is no sufficient consideration shown to support the alleged promise. The proposition made by the defendant, when accepted and acted upon by the plaintiff, was in legal effect a promise that he would do and perform all that was embraced in it, upon performance or tender of performance by the plaintiff ; and it is familiar law that mutual and concurrent prom· ises are a sufficient legal consideration for the promise of each. 1 Chit. Pl. 297, 298, and cases there cited. It is admitted that the proposition was binding upon both parties, so that there was such mutuality of obligation as the law requires. If any other consideration was required, the fact that the proposition which was made and accepted it is admitted was in lieu of a good previous cause of action, might be invoked to support it. A fundamental rule in the construction of agreements is, to ascertain the intent of the parties ; and the intent of the parties, as we understand it, was to settle and merge the previous cause of action in the new contract.

It is further claimed that whatever contract was made with the plaintiff, was in law a contract between him and the company ; and that he should have sought his remedy against the company. The declaration alleges that the contract was made with the defendant. It is stated that he was then the manager of the business affairs of the company, but it is not alleged that the proposi-

tion made was made by him, as such manager.   That statement was descriptive of the capacity in which he was acting, as between himself and the company, but cannot be treated as descriptive of the capacity in which he was contracting with the plaintiff.   From what is admitted it results that the contract was the personal contract of the defendant; and his liability upon it is not influenced or limited by the fact that the services to be performed under it by the plaintiff were to be for the company, instead of being directly for the defendant.

The defendant, while manager of the business affairs of the company, without law or right dismissed the plaintiff from its service, and stopped his salary and pay.   The proposition under which the plaintiff entered into the service of the defendant for the company provided that, if any change should be made in the business or management of the company by which he should be thrown out of employment or deprived of his salary or pay for his services, the defendant should take back his stock and pay him for the same.   The plaintiff was thrown out of employment, and deprived of his salary by the wrongful act of the defendant, and he cannot avoid liability for the consequences of that act upon the novel claim that what he did was without law or right, or that there was no such change in the business or management of the company as was provided against in the proposition made by him, when he as its manager had discharged the plaintiff from his employment.

There was no error in the judgment of the County Court, but on motion of defendant the judgment is reversed, *pro forma,* and cause remanded, with leave to replead on usual terms.