## H. B. ROGERS AND WIFE, v. ELIZA ROGERS, ADMR. OF CALISTA HOLTON.

### Gift.   Note.   Consideration.   Trust.

The intestate, a short time before her death, gave a promissory note to the female plaintiff, who was a daughter of the intestate's husband by a former marriage. The daughter worked for her father for some time after her majority ; but no contract was proved that she was to receive pay for her services.   The father, by a third person, conveyed his homestead of small value to the intestate.   It is stated by the referee as a fact, that they designed, and often talked between themselves, that the said plaintiff should be paid for her services ; that the father so expressed his wish when he conveyed the homestead ; and it was to carry out this purpose that the note was given.   *Held*, that there was no declaration of a trust ; no legal consideration for the note ; and as a gift, it rested in promise, not executed.

ACTION to recover the amount of a promissory note, and for work.   Heard on the report of a referee, March Term, 1882, VEAZEY, J., presiding.   Judgment for the plaintiffs to recover the larger sum named in the report including the note in contention.   The referee found, in part :

" At and prior to the time of this conveyance by the said Ebenezer to said Calista, it was the declared purpose of both the said Ebenezer and Calista not to require the principal of said note to be paid, and this for the expressed reason that both recognized a subsisting and unsatisfied obligation to the said Eliza for that or a larger amount in connection with, and in consideration of, her aforesaid services for her father after her majority ; this purpose and the said reason therefor was frequently made known or expressed by the said Ebenezer and Calista, with the additional declaration and expression, that if they were compelled to call for the $200, it should in some way be made good to Eliza.   When the said Ebenezer Holton so conveyed said land to his said wife, it was his expressed wish and expectation, that if the said Rogers was required to pay said $200, and the said Calista should survive her said husband, she should see to it that Eliza should have $200 out of the property, and it was so understood by the said Calista. There was no instrument of conveyance of said personal property from the said Ebenezer to his said wife.   Said property was used and enjoyed by both, the same as prior to said conveyance, up to

the death of the said Ebenezer. After his death it was treated as the property of said Calista. No administration was had upon his estate, and what remained of his personal property at the death of the said Calista was inventoried and administered upon as her estate and property. After the decease of the said Ebenezer, and prior to the 26th day of January, 1880, the said mortgage debt resting on said land and home place was required to be paid, and the said Calista was obliged to demand payment of said $200 note, and the same was paid to her upon such demand, upon or prior to said 26th day of January, 1880. At and after the payment of said $200 by the said Rogers, it was frequently declared by said Calista to be a matter of regret by her that her necessities required said payment, and as frequently declared to be her intent and purpose to pay to, or to provide for, the said Eliza out of the property to the amount of $200. Matters continued in this way until April 23, 1880, when, in her last sickness, the said Calista made, executed and delivered to the said Eliza her promissory note for the sum of $200, the same being in the following words and figures, viz.:

"DANBY, April 23, 1880.

"For value received I promise to pay Mrs. Eliza Rogers, or bearer, two hundred dollars on demand, with interest annually.

Signed, CALISTA HOLTON.

LUTHER COLVIN, } Witnesses.
SARAH HAZELTON, }

Said promissory note was so made, executed and delivered by the said Calista Holton in consideration and under the circumstances aforesaid, and with and for the object and purpose on her part of, in that way, carrying out and accomplishing a long existing design and intention by both Mr. and Mrs. Holton, that Mrs. Rogers (the said Eliza) should in some way be further compensated or rewarded for her aforesaid service and labor out of the property, in that sum or amount. There was no other or further consideration for said note."

The other facts are stated in the opinion.

*W. H. Smith*, for the defendant.

There was no consideration for the note. *Hawley* v. *Farrar*, 1 Vt. 420; *Booth* v. *Fitzpatrick*, 36 Vt. 681; *Hayward* v. *Barker*, 52 Vt. 429.

*J. C. Baker*, for the plaintiff.

The words "value received" in the note imply a consideration and are *prima facie* sufficient. *Hughes* v. *Wheeler*, 8 Cowen, 77;

*Jennison* v. *Stafford*, 1 Cush. 168 ; *Thrall* v. *Newell*, 19 Vt. 203.

Mrs. Holton accepted the conveyance of the property of her husband under the express understanding that she should not call for her two hundred dollars, but that it should go to Eliza to pay her the indebtedness of her husband.

The payment to Eliza of the two hundred dollars was a trust attached to the gift of the property, which in equity could be enforced, and that conveyance with said trust attached was a sufficient consideration for a promise to pay the two hundred dollars, which the party promising understood was to be paid out of the property to a meritorious creditor of the donor. *Smith* v. *Rogers*, 35 Vt. 140. The consideration was sufficient. *Hubbard* v. *Coolidge*, 1 Met. 84 ; *Train* v. *Gold*, 5 Pick. 380 ; *Oakley* v. *Booman*, 21 Wend. 588 ; *Clark* v. *Sigourney*, 17 Conn. 511 ; *Harrington* v. *Wells*, 12 Vt. 505 ; *Whittle* v. *Skinner*, 23 Vt. 531 ; *Giddings* v. *Giddings*, 51 Vt. 227.

The opinion of the court was delivered by

REDFIELD, J. The intestate, Calista Holton, during her last sickness and just before death, gave the note in question to the female plaintiff, who is the daughter by a former marriage of said Calista's husband, Ebenezer Holton. Mrs. Rogers before her marriage had lived with her father some time after her majority, a portion of which was after his marriage to said Calista. It does not appear that there was any contract or understanding that she should have pay for services in the family, or that her services were worth more than her "living." Said Calista, of her own money, loaned to Mrs. Rogers $200. The note she ever kept in her possession up to the time of her husband's death, and since, until she collected it. The said Ebenezer, through a third person, conveyed his homestead to his wife, the said Calista. It was of about $800 value burdened with a mortgage of $500 ; and all his personal estate did not exceed $100 in value. The said Calista after her husband's death, for the purpose of paying the mortgage on the homestead, called for the payment of the $200 note of Rogers, and he paid it. It is stated as a fact, that Holton and his wife designed and often talked between themselves, either to for-

bear collecting the $200 of Rogers, or, in some way pay that sum to Mrs. Rogers ; and it was to carry out that purpose that Calista in her last sickness executed the note in question.

I. Did the promise rest upon sufficient consideration ? If it should be assumed (which does not appear) that Mrs. Rogers had a legal claim for services performed, the claim was against the husband and not the wife. It is suggested, in argument, that the conveyance of the homestead to Calista was in trust to pay this sum to Mrs. Rogers. But there was no *declaration* of such a *trust ;* and the property conveyed was of so small value that the whole would go to the wife on the decease of the husband ; and the court would not *assume* without proof that the wife took upon herself a trust, which would strip her of all means of support. It is unavailable as a gift, for it rested altogether in *promise* not *executed*. *Smith* v. *Kittridge* , 21 Vt. 238.

There are many things done very proper to be done, which become unavailing for the want of form or legal requisites. It was very proper that this woman at the close of life should essay to give her daughter-in-law $200 ; it was proper in itself, and in accord with the often-expressed wish of herself and husband. But her method was legally unavailing. The note was given without any legal consideration—not for any moral or legal obligation or *duty* resting upon the party, and by well settled rules of law the note, as a contract, is without legal validity.

The judgment is reversed, and judgment on the report for the plaintiff for the lesser sum.