## The Montpelier Seminary, apt. *vs.* Eliza Smith's Estate.

### January Term, 1897.

Present: Ross, C. J., Taft, Rowell, Tyler, Munson and Start, JJ.

*Contract Void for Want of Consideration.*

The decedent executed to the claimant a promissory note for one thousand dollars payable one year after date, with interest annually, receiving from the claimant therefor a writing acknowledging the receipt of one thousand dollars and promising, in consideration thereof, to pay the intestate during her life an annuity of sixty dollars. Nothing was ever paid under either contract, and there was no consideration for the note unless in the promise to pay the annuity. *Held*, that the writings must be read together, and, when so read, showed that there was no obligation to pay the annuity until the one thousand dollars had been paid, and, consequently, that there was no consideration for the note.

The case is not affected by the fact that the claimant, a charitable corporation, impliedly promised to devote the fund to the objects for which the corporation was created, since a promise to do its legal duty could not constitute a consideration.

Appeal from a decree of the probate court for the district of Chittenden, accepting the report of commissioners disallowing the claim of the appellant. Pleas, the general issue and statute of limitations. Heard upon the report of a referee at the September Term, 1896, Chittenden County, *Tyler*, J., presiding. Judgment, *pro forma*, for the claimant. The defendant excepted.

The note was given December 24, 1884. Mrs. Smith died between December 24, 1893, and December 24, 1894.

*T. E. Wales* and *O. P. Ray* for the defendant.

Besides the cases cited in the opinion see, I Parsons, contr. 234; *Northrop* v. *Hale*, 73 Me. 66; II Parsons, Notes and Bills, 55; *Copp* v. *Sawyer*, 6 N. H. 386; *Flint* v. *Pattee*, 33 N. H. 520: 66 Am. Dec. 742; *Hill* v. *Buckminster*, 5 Pick. 391; *Parish* v. *Stone*, 14 Pick. 198; *Pearson* v. *Pearson*, 7

Johns. 26; *Harris* v. *Clark*, 3 N. Y. 93; *Starr* v. *Starr*, 9 Ohio St. 75; *Blanchard* v. *Williamson*, 70 Ill. 647.

If this arrangement was, in effect, to slumber until Mrs. Smith's death, it was an effectual attempt to make a will. *Hoeley* v. *Adams*, 16 Vt. 206; *Harris* v. *Clark, supra.*

The statute of limitations is a complete defense. It is not the endorsement but the payment evidenced by it which works a renewal, and in this case there was no payment. *Blanchard* v. *Blanchard*, 122 Mass. 558; *Egery* v. *Decrew*, 53 Me. 392.

*Frank C. Partridge* and *Dillingham, Huse & Howland* for the claimant.

The annuity contract was a sufficient consideration for the note. *Bolles* v. *Sachs*, 37 Minn. 315. Though worth less perhaps than the note it must have been worth a considerable sum, and mere inadequacy of consideration is no defense. *Giddings* v. *Giddings*, 51 Vt. 227, 236; *Harrington* v. *Wells*, 12 Vt. 505.

Apart from the annuity contract, the note may be supported as a subscription to a charitable institution. *Troy Academy* v. *Nelson*, 24 Vt. 189, 194; *Patchin* v. *Swift*, 21 Vt. 292; *Trustees Ky. Female Orphan School* v. *Fleming*, 10 Bush. 234; *Ladies' Inst.* v. *French*, 16 Gray 196; *Maine Central Inst.* v. *Haskell*, 73 Me. 140; *Collier* v. *Baptist Society*, 8 B. Mon. 68; *Helfenstein's Est.*, 77 Pa. 328.

The statute of limitations was interrupted by the payment of interest. The endorsements, though not in the handwriting of the payer, are evidence. V. S. 1216; *Bailey* v. *Danforth*, 53 Vt. 504; *Lawrence* v. *Graves*, 60 Vt. 657. An endorsement by the holder of the note with the express assent, and at the request of the promisor, amounts to proof. Buswell, Limitations, § 82; *Sibley* v. *Phelphs*, 6 Cush. 172; *Howe* v. *Saunders*, 38 Me. 350; *Corliss* v. *Grow*, 58 Vt. 702.

TAFT, J. The claim which is sought to be recovered in

this cause, is evidenced by a promissory note for one thousand dollars, given by the testatrix to the claimant, payable one day after date, with interest annually.

At the time of its execution and delivery, the claimant gave the testatrix an agreement, reciting that, in consideration of having received from her that sum, it agreed to pay her annually during life, sixty dollars, the same being six per cent. interest upon the amount named in the note.

At the time of the delivery of the note to the claimant, it was agreed by parol between the parties, that the note should be treated as a cash payment. No money was ever paid by either party to the other, although interest was regularly indorsed annually, upon the note.

It was also agreed by parol, that the testatrix should indorse upon the agreement, or annuity contract, the sums agreed to be paid to her annually, as they became due. But the referee does not find that the testatrix ever made any indorsement on the contract, or did anything toward carrying out the parol agreement between her and the claimant. The contract has been lost.

The giving of the note and the annuity contract, was, in effect, but one transaction. They were executed at the same time, and related to the same subject matter. It was evident that no money was to be paid by any one, until the testatrix had in fact, paid the one thousand dollars to the claimant. The transaction was simply a promise of the testatrix to give the claimant at some future time, the sum of one thousand dollars.

A promise for the payment of money is void, unless made upon a legal consideration. As instances of such want of consideration, we have many cases in this State, viz: *Holley* v. *Adams*, 16 Vt. 206; *Carpenter* v. *Dodge*, 20 Vt. 595; *Smith* v. *Kittridge*, 21 Vt. 238; *Frost* v. *Frost* 33 Vt. 639; *Rogers* v. *Rogers*, 55 Vt. 73.

The question before us is, was there a consideration for the note in suit. It has been held in some cases, like agreements

to marry, to submit matters to arbitration, etc., that mutual promises are sufficient to uphold the contract. And it was held in *Missisquoi Bank* v. *Sabin*, 48 Vt. 239; and *Lamson* v. *Lamson*, 52 Vt. 595, that mutual and concurrent promises, afford a sufficient legal consideration for the promise of each party.

The inquiry here is, was the agreement to pay the testatrix the interest on the thousand dollars, a sufficient consideration for the promise of the testatrix. The transaction between the parties, was in the form of a contract,—sometimes called bilateral—consisting of mutual promises to do some future act. In such contracts, if the consideration for a promise is another promise, the whole agreement may be contingent, to come into effect only at the will of one of the parties. And it is well settled both in England and with us, that such an agreement, so long as nothing is done by the promisee, is not binding on the promisor. This contract, it is evident, was not to take effect until the testatrix paid the money specified in the note. Then the promise of the claimant would become of force. It could have no force and no life, until the money was paid. Until that time, it had nothing to operate upon; there was nothing in the promise of the claimant, that can be held to be a consideration for the promise of the testatrix. If the thousand dollars was never paid, there was no liability whatever, upon the claimant, to pay the interest.

We do not put this upon the ground that the consideration was inadequate, but that there was a total want of consideration to support the obligation. The note was delivered as a gift; the testatrix intended it as a gift. The fact that she agreed that it should be treated as a cash payment, is immaterial, for it was not a cash payment, and no agreement of the parties could make it so. The agreement did not make the note money, nor create any consideration for it.

The referee states in express terms, "No value was received

for Mrs. Smith's promise." This we construe as a finding of no value, unless the claimant's promise created one. We hold, the promise to pay interest constituted no consideration for the note.

It is further insisted by the claimant, that the note can be supported as a subscription to a charitable institution. There is no difference in respect to the necessity for a consideration to support a promise made in behalf of a charitable institution, and a promise for any other purpose. All simple contracts must be based upon a sufficient legal consideration.

It is claimed there was an implied promise on the part of the trustees of the Seminary, to see to, and make, an application of the money, under the obligation imposed upon, and assumed by them, as trustees, to enable the claimant to prosecute its duties of public instruction for which it was incorporated; and that this implied promise was the consideration of the testatrix's promise contained in the note.

The claimant is an educational institution, having capacity to take gifts for its general purposes. Nothing else being shown, it will be presumed that it can take gifts only for the purpose of public instruction; and that unless limited by the terms of the gift, it would have been the duty of the trustees to use the gift of Mrs. Smith,—had it been executed by the payment of the money—for the only purpose for which the Seminary could take, hold, and use property. Any implied promise therefore, would be no more nor less than a promise to do their duty, and constitute no consideration for a contract. Doing, or promising to do what one is already legally bound to do, is not a sufficient consideration to uphold a contract, whether the previous obligation arises by contract, or by law independently of it. *Cobb* v. *Cowdery*, 40 Vt. 25. No implied promise therefore, can be raised to support the promise made by the testatrix.

There are authorities in some of our sister jurisdictions, indicating the doctrine above alluded to, that an implied promise on the part of the corporation or its trustees, to expend the money, is a sufficient consideration for the promise, and sufficient to support the contract. The doctrine is incidentally referred to in *Troy Academy* v. *Nelson*, 24 Vt. 189.

But that doctrine is not consistent with the principle, that where nothing whatever is said upon the subject, and no limitation annexed to the gift, and the corporation takes the funds with power to expend it only for the purposes of the corporation, the trustees are doing only what their duty requires them to do, and therefore, it cannot constitute a sufficient consideration for a promise.

In the cases in which this latter rule has been discussed, with scarcely an exception, there was an ample consideration shown in each case, without resorting to an implied promise on the part of the corporation, or its trustees.

The question of want of consideration in cases of subscriptions to aid educational and other public enterprises in this State, have arisen in *University of Vermont* v. *Buell*, 2 Vt. 48; *St. Treasr.* v. *Cross*, 9 Vt. 289; and *Troy Academy* v. *Nelson*, 24 Vt. 189. Each of these cases can well be sustained on the ground that a legal consideration may consist in loss, damage, or inconvenience, sustained by the party to whom the promise was made. The erection of the State House, and the University buildings, in two of the cases, and the labor, expense, and disbursement in obtaining a subscription of twenty thousand dollars to pay the debts of the institution, in the other, constituted sufficient considerations for the promises respectively made.

We hold there was no consideration for the note in question; that the testatrix received no benefit from it, nor was the claimant subjected to any loss, damage, or inconvenience; and that a promissory note without

consideration, cannot be the subject of a valid gift from the maker to the donee.

> *The pro forma judgment reversed and judgment for the defendant, and ordered certified to the probate court.*

*Start*, J., dissents.