GEORGE A. NORTON, Plaintiff, *v.* WILLIAM BOORE and Others, Defendants, Impleaded with BAXCO BUILDING CORPORATION, Appellant, and F. PAUL NORTON, Respondent.

Fourth Department, March 13, 1929.

*Charles W. Strong*, for the appellant.

*Thomas G. Fitzgerald*, for the respondent.

PER CURIAM. The controversy between the parties to this appeal is in respect to the ownership of a certain mechanic's lien filed by the defendant Baxco Building Corporation. No written assignment of the lien was ever executed. The judgment in favor of the plaintiff rests solely upon a written instrument executed by the defendant Baxco Building Corporation, which was not produced upon the trial. The evidence justifies the finding that there was a promise contained in this instrument that the Baxco Building Corporation would assign the mechanic's lien to the plaintiff as security for certain indebtedness of the Baxco Building Corporation to the plaintiff and to two other persons.

In respect to the delivery and acceptance of this instrument, the learned official referee has made inconsistent findings, as follows:

" 4th. That at the time of the delivery of said agreement, the same was accepted by said Norton for the uses and purposes therein expressed."

" 9th. That both copies of said instrument * * * were * * * delivered to * * * Norton upon and with the understanding and agreement between the said Norton and said Baxter [the President of the Baxco Building Corporation] that if and when said instrument was signed and executed by the said Norton and returned or delivered to said Strong [the attorney or agent for the Baxco Building Corporation] that the said Baxco Building Corporation would execute and deliver to said Norton the proposed assignment of said mechanic's lien."

It appears conclusively, not only that the plaintiff never signed the instrument, but that it was never returned or delivered to the Baxco Building Corporation or to any one on its behalf.

If the latter finding is correct, there was no delivery of the instrument by the appellant or acceptance by the plaintiff.

There is evidence to sustain each of the findings quoted above, and the question of credibility should in this case be determined by a judge or referee who has had the opportunity to see and observe the witnesses. We have concluded, therefore, that a new trial is necessary.

The appellant urges that its promise to give the assignment was made without consideration. " A present assignment to secure

or pay an antecedent debt is valid. No other consideration is needed, but a promise to make such an assignment is not even a contract to assign, unless some requested promise or performance is given in exchange." (1 Williston Cont. 804.) As the evidence may not be the same on a new trial, we do not feel called upon now to determine whether a consideration can be found in the transaction as testified to by the witnesses. (See *Wood* v. *Duff-Gordon*, 222 N. Y. 88; *Montpelier Seminary* v. *Smith's Est.*, 69 Vt. 382; 1 Williston Cont. 219, n. 90, 223; *Allegheny College* v. *National Chautauqua County Bank*, 246 N. Y. 369, 377.)

The interlocutory judgment should be reversed on the facts and a new trial granted, with costs to the appellant to abide the event.

All concur. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Interlocutory judgment reversed on the facts and a new trial granted, with costs to the appellant to abide the event against the respondent F. Paul Norton.