CHITTENDEN,  LUTHER STONE, Jr. executor of AMMI FULLER vs. BENJAMIN
January,
1831.                              GRIFFIN.

A church or society, that has no legal incorporation, cannot hold real estate under a
will; still less can persons in the name of office, derived from such church or society,
hold such real estate.

But such church or society may take the use of real estate devised to trustees for
their benefit.

If the trustees fail to execute, or decline, the trust, the heir at law must hold in trust, or
the court of chancery may appoint other trustees.

After the real estate is divided off to heirs or legatees, the executor cannot maintain
ejectment to recover any part of those lands thus divided off.

This was an action of *ejectment* for lands in Charlotte, in Chit-
tenden county.   The defendant recovered judgement in the coun-
ty court, and the plaintiff filed exceptions, upon which the action
was brought up to this Court.

It appears by the exceptions, that, in 1822, *Ammi Fuller* own-
ed the lands in question, and made his will, in one part of which
he devised as follows : " I give and devise to the Methodist Epis-
copal Church in Charlotte, to be disposed of as hereafter directed,
the remaining fourth part of the real estate of which I shall be
possessed, or have a right to possess, at my decease, forever :
the interest of which is to be appropriated for the support and
payment of the constant preaching of the gospel in Charlotte, by

the ministers of the Methodist Episcopal Church or Society ; the
principal, or original stock, to be kept whole and unexpended, and the interest thereof, only, annually appropriated, and expended as
aforesaid." He then proceeded to provide for the expenditure of the surplus, if any, in erecting a meeting-house, or purchasing books for said Church or society. And, in case said Church or society should become extinct, the interest was to be placed at the disposal of the annual conference of methodists, whose bounds might comprise said town of Charlotte. The will then proceeds as follows : " I hereby name and appoint, as agents and trustees for and in behalf of the said Methodist Church in said Charlotte, Ithiel Stone, Jonathan Breakenridge, Asa Forbes, Joseph Simonds,Thomas N. Hickox, Jonathan Breakenridge,Jun. and Myron Breakenridge, and their successors in office, who may be hereafter appointed for that purpose, according to the rules and regulations of said Church, to receive, possess, improve, and take charge of the aforesaid one fourth part of the real estate for the use and benefit of said Church, as aforesaid ; to place and always keep the same at interest, and see said interest appropriated as before montioned ; always, however, in all things subject to the rules, regulations, and discipline of the said Methodist Church."

The plaintiff was the sole acting executor of the said will, and, in March, 1827, by a decree of the court of probate, the lands in question were divided off to said Church or society. This action was brought in January, 1828. The defendant being then in possession of the premises, under said church or trustees.

After argument, by *Adams & Allen,* for the plaintiff, and *Bates & Bailey,* for the defendant,

HUTCHINSON, C. J., pronounced the opinion of the Court.— The plaintiff brings this action for the benefit of the heirs at law of *Ammi Fuller.* Hence, he contends, that the devise to the Methodist Church or society, under whom the defendant claims to hold, is void. And the principal question presented and urged is, in whom is the legal estate vested ?

It is conceded by the defendant's counsel, that the Church or society, having no legal perpetuity, cannot take a fee. Indeed, nothing but the use or interest is given them by the will. And if, at any time, this Church or society should become extinct, and there should, also, cease to be any conference of churches of the Methodist order comprising said town of Charlotte, there would

AAA

CHITTENDEN be no *cestui que trust*, and this interest would revert to the heirs
January, at law.
1831.

Fuller's exr.        The will then appoints, as agents and trustees, seven persons,
vs.     naming them, and their successors in office, who might be there-
Griffin.
after appointed, according to the rules, &c. of said Church and
society, to receive, possess, improve and take charge of said real
estate, for the use and benefit of said Church, as aforesaid. It
was obviously the intention of the testator, that these persons and
their successors should take the same care of this real estate as
they might do, if a title in fee were vested in them : yet he has
not used very apt words to vest the fee in them. But, aside from
this, a question arises, whether these agents or trustees possess
sufficient perpetuity to support a fee ? They clearly do not.
They are, if possible, more fragile than the Church or society itself.
The manner, in which they are named in the will, supposes, that
they are already in office, by appointment of the Church, to take
care of the temporal concerns of the Church : their succes-
sors to follow them in this case must be so appointed ; and
the case shows, that they were so in office at the date of the will,
and some were out before the decease of the testator. And the
will makes no provision for the survivors to act upon the decease
of some. It therefore virtually makes those persons trustees who
then held, and should from time to time hold, the offices named by
such appointment from the church or society. Therefore, these
cannot, by any possiblity, out-live the Church or society : but the
latter may continue, and yet neglect to make such appointments.
That is, the *cestui que trust* may continue, but there will be no
trustees. Now, what is to be the result of this state of things ?
Shall the *cestui que trust* lose the use for want of a trustee ? We
think not. In England, according to the authorities cited in argu-
ment, the heir must stand as trustee, on failure of the trustees
appointed.

By the operation of our statute the executor must be the trustee
while the estate is settling. When that is done, the heirs hold in trust
for the *cestui que trust :* and they, in whom the legal estate is, must
recover at law, in order to enable them to execute their trust.

According to the manifest intention of the testator there is yet
no failure of a *cestui que trust ;* for the case shows this Church or
society to have had an existence as such for more than twenty
years, and still to retain that existence. They must have this
interest : and the heirs at law must hold this real estate and man-
age it, according to the intention of the testator, for the benefit of

CHITTENDEN, *January,* 1831.

Fuller's exr. *vs.* Griffin.

this Church : or, if they refuse or neglect, the court of chancery, on a proper application, will appoint others who will execute the trust. In executing this trust, whether the land ought to be retained and cultivated, or sold, and the avails put out at interest, must depend upon circumstances not now disclosed to us. But the expressions of the will go far to show, that the testator supposed a sale would be most prudent and profitable. He does not say that the Church shall have the net profit of ths farm, but shall have the interest, the principal being kept good. Again, it is to be placed on interest. It may by this time be supposed, that our decision will allow the plaintiff to recover, and he, and the heirs after him, hold in trust, and account with the defendant or with the Church for the interest; for the defendant cannot hold by virtue of his title, through want of power in the acting trustees, who put him in possession.

The plaintiff, however, labors under no small difficulty. He brought this action in January, 1828, in his capacity of executor. Ten months before this, to wit, March, 1827, this same real estate was, by a committee appointed by the court of probate and a decree of the court, divided off according to the will to these trustees, or to this Church; so that his right over it as executor had ceased before he commenced his action. Therefore the defendant's possession is sufficient title for him, till some person with a better title would oust him.

The judgement of the county court is affirmed with costs.