ADMINISTRATORS OF JESSE TRYON *v.* PENELOPE TRYON, POLLY TRYON, DENNIS TRYON AND JEMIMA TRYON.

In an action of ejectment, the plaintiff must have title to the premises at the time of trial, as well as at the commencement of the action, or he cannot recover. And, without title, he is not entitled to recover part of the land by showing that the defendant is in possession of it without right.

When the probate court, agreeably to the statute, have assigned the real estate to the heirs, the heirs have a right to the possession as against the administrators; and such decree, unappealed from, divests the administrator of any right to control, or demand possession of, such estate.

This court will presume that the probate court acted in accordance with the law, until the contrary is shown.

40

When the administrator levies upon land to satisfy a debt due to the estate, he holds the land in the same manner, and for the same purposes, that he holds the lands of which the intestate died seized.

EJECTMENT. Plea, the general issue, and trial by the court.

The plaintiffs showed title in themselves to the demanded premises, by virtue of a levy of an execution, in their favor as administrators of Jesse Tryon, upon the premises. The execution was issued on a judgment rendered on a claim due to said Jesse Tryon in his life time. The levy was made Nov. 6, 1840, and the writ in this case was made returnable to Rutland county court September term, 1841. The possession by the defendants of the premises was also proved.

The defendants gave in evidence copies of records of the probate court, showing partition of the premises among the heirs of Jesse . Tryon, made, by order of the probate court, Nov. 1, 1841. The defendant, Jemima Tryon, was widow of Jesse Tryon, and the other three defendants, together with the four others mentioned in the order of distribution, were the heirs of said Jesse.

The court rendered judgment for the defendants. Exceptions by plaintiffs.

*G. W. Harmon* for plaintiffs.

The plaintiffs having shown a complete title at law to the premises demanded by their declaration, it is insisted, that they were entitled to recover in the court below, notwithstanding the evidence given by the defendants.

1. Anterior to the Revised Statutes it had been determined by this court that an executor could satisfy an execution, in his favor, by a levy upon the real estate of the debtor. *Hathaway* v. *Phelps*, 2 Aik. 84. *Eastman* v. *Curtis*, 4 Vt. 617. Such was undoubtedly the spirit of the probate act of 1821. ( 1 Sl. St. 344, § 54. ) In such case, the title was fully vested in the executor.

To remedy a real or fancied evil, the 25th and 26th sections of the Revised Statutes, p. 271, were enacted. The 25th section declares, that the executor shall be *seized* in *trust* for the same persons, &c. The term " seized" imports an occupation of the lands, and a pernancy of the profits accruing from them, either actually or potentially. A " trust" is a right to receive the profits of the

land, and to dispose of the land in equity. And though the legal estate be in one person, and the beneficial interest in another, yet there is no reason why the trustee should not be permitted to maintain an action at law against the *cestui que trust*,—the remedy of the latter being by an application to a court of equity. And the authorities are full to the effect that an equitable title, or trust, cannot be set up, in an action of ejectment, against the legal title, and that the legal title must prevail. *Beach* v. *Beach*, 14 Vt. 28. *Jackson* v. *Van Slyck*, 8 Johns. 487. *Jackson* v. *Sisson*, 2 Johns. Cas. 321. *Jackson* v. *Leggett*, 7 Wend. 377. *Jackson* v. *Parkhurst*, 4 Wend. 369. 1 Johns. Cas. 114. 12 Johns. 418. 2 T. R. 684. 7 Ib. 2, 47. 8 Ib. 2, 118. *Sinclair* v. *Jackson*, 8 Cow. 543. The only exception is in the case of a resulting trust, when it is said the estate of the *cestui que trust* can be set up to bar a recovery by the person holding the legal estate. *Foot* v. *Colvin*, 3 Johns. 216. 16 Ib. 199. *Jackson* v. *Matsdorf*, 11 Johns. 97.

The trust, created by the levy of the execution, may properly be denominated an *implied trust*. 1 Mad. Ch. 446, 459, 577. 2 Ib. 112. But it was not merely a *formal trust*, for the plaintiffs also held the land, coupled with an interest, in two capacities,—natural and fiduciary; and there is, therefore, the strongest reason that they should be permitted to enforce their claim at law. *Johnson* v. *Fleet*, 14 Wend. 176. *Welch* v. *Allen*, 21 Wend. 147, and 2 Hill's R. 491. And in this state we have no statute executing the trust, as they have in New York.

II. It remains to inquire whether the evidence, introduced by the defendants at the trial, varies, in any respect, the legal rights of of the parties.

By the Revised Statutes (p. 269, § 11) it is provided that no action to recover the seizin or possession of land shall be maintained by the heir, until after a decree of assignment by the probate court. If, then, the heir is deprived of his right of action, which he had at common law, to recover in a case where, by that law, the title vested in him, *a fortiori* he cannot be entitled to such action in a case unknown to the common law, and in which the statute has vested the legal estate in another. If the design of the legislature, in framing the 25th section, had been to vest the legal estate in the heir, devisee, or creditor, proper language to that effect would have been em-

ployed. And in the 26th section no words are used, which can legitimately be construed to create an estate at law in the heir, &c. The whole scope of both sections is to devise a plan, whereby the · executor may safely levy his execution upon real estate, and to provide for the final disposition of the land, after his liens shall have been fully satisfied. To this end, after an assignment to the heir, it would be incumbent upon the heir to demand of the executor the legal title; and, in case of refusal, a court of equity would afford the proper corrective. In that *forum* the equitable rights of all parties could be adjusted.

When the present action was commenced, the plaintiffs had the legal title ;—subsequently the defendants became invested with the equitable right to a portion of the premises ;—and by this act of the defendants, without the concurrence of the plaintiffs, it is sought to deprive the plaintiffs of their right of recovery, to the detriment of the others interested in the avails of the estate. For the sake of justice it is necessary that the plaintiffs should recover of the defendants, at least that portion of the demanded premises which belongs in equity to the other heirs of the·intestate, in order that the *mesne* profits may not be lost.

*C. B. Harrington* for defendants.

1. At common law the heir may enter immediately upon the lands of his deceased ancestor, or may have ejectment for the recovery of the possession, and the same principle obtains in this state, except so far as it is limited in its operation by legislative enactments. See Rev. St. 269, § 11.

2. We contend that the administrators have no interest in the realty, except to hold in trust for the creditors; and, when the debts are paid, they have no control over the residue of the realty. Rev. St. 268, § 5.

3. It is sufficient for the defendants in ejectment to show the title of the lands out of the plaintiffs, although they might not be able to show a title to all or any part of the lands in themselves. Buller's N. P. 110. 1 Sw. Dig. 509. *Jackson* v. *Rowland*, 6 Wend. 666.

4. After the real estate is assigned to heirs, or legatees, the executors, or administrators, cannot maintain ejectment to recover any part of those lands thus assigned. *Stone, Ex'r,* v. *Griffin*, 3 Vt. 400.

5. The Plaintiff must not only have title at the time of the commencement of the suit, but at the time of trial. *Burton* v. *Austin,* 4 Vt. 105.

The opinion of the court was delivered by

HEBARD, J. The plaintiff at the trial, as well as at the commencement of his action, in an action of ejectment, must have title to the land, or he cannot recover.

In this case, had the plaintiff, at the time of the trial in the county court, a right to the possession of the demanded premises? This must depend upon the validity of the proceedings of the probate court.

The probate court, though a court of limited jurisdiction, is a court of record, and its doings, unappealed from, when within its jurisdiction, are as conclusive as those of other courts. The title, which the heir has to the estate of his ancestor, is cast upon him by operation of law; but the preliminaries, before coming to the full enjoyment of it, are to be settled by the probate court.

Unlike the common law, our statute has provided for holding the property in suspense, to answer other claims, which take precedence of the rights of the heir,—the estate, real and personal, being charged with the payment of debts and costs of administration. When the estate is discharged from these claims, it becomes the duty of the Probate Court, in such way as the statute has provided, upon application, to place the several heirs in possession of their respective shares. And for this purpose chapter 53, § 2, of the statute provides that, after all the purposes, for which the estate in the first instance is holden, have been answered, "the probate court shall, by a decree for that purpose, assign the residue of the estate to such persons as are by law entitled to the same,"—"and such persons shall have a right to demand and recover their respective shares from the executor or administrator, or any other person having the same."

This land having been levied upon by the administrators, was by them holden in the same manner, and for the same purpose, as land of which the intestate died seized. The title is in the heirs for all purposes, except for paying debts and charges, and when these are paid, or when the administrators shall have other effects in their

hands sufficient for those purposes, the probate court may order it divided among the heirs. We shall presume that the probate court acts in accordance with the law, until the contrary appears.

For the purpose of recovering the rents and profits of this land the administrators were under no necessity of bringing this action; nor can they recover for those, unless they are entitled to the possession of the land. *Stone, Ex'r,* v. *Griffin,* 3 Vt. 400. *Burton* v. *Austin et al.,* 4 Vt. 105.

They might have proceeded under the statute to recover the rents and profits of this land, after it was set off. The use and occupation of the land, set off on the execution, should go into the common fund, for the common benefit of all the heirs; and, for anything that appears, it may still be recovered for that purpose. But in this action it cannot;—the *title* having gone from the plaintiffs it carries with it all the incidents to the general judgment.

But it is insisted, that, as the defendants are in possession of four sevenths of the land, to which they have no title, the plaintiffs ought to recover for so much at least. But the same objection applies to this part of the land as to the other. The plaintiffs must recover upon the strength of their own title, and not upon the weakness of the defendants' title.

If the proceedings of the probate court divested the plaintiffs of the right of possession of the defendants' part of the premises, it must of course of the whole; for it was the result of the same decree. The other heirs are provided, by law, with their remedy. They may call upon the defendants, who are in possession of their respective shares; and the fact that they may call upon whoever has the possession ought to be conclusive upon the administrators, that *they* cannot.

Judgment of the county court affirmed.