# Frankenfield's Appeal.
# Troxell's Appeal.

102     589
20 SC   303

Where a committee of a lunatic expends money of the corpus of the lunatic's estate in the repair of real estate, without obtaining an order of court authorizing him to do so, he runs the risk of having his action disapproved and of being surcharged. But where the court subsequently approves such expenditure as reasonable and necessary the ratification is equivalent to a previous order.

March 9th 1883. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEALS from the Court of Common Pleas of *Lehigh county:* Of January Term 1883, Nos. 358, 359.

These appeals were to a decree of said court in the matter of the account of William H. Blumer, committee of Joseph Strassburger a lunatic. Before the Auditor to whom the said account was referred, it appeared that the accountant received, on his appointment as committee in 1863, about $4818.41, and in his account filed April 30th 1877, claimed a balance due to him of $1,600. Among numerous objections to the account were those to credits for money spent in the repair of a house belonging to the lunatic and in building a new kitchen in place of an old and dilapidated one, the ground of objection being that the committee had not obtained a previous order of court, authorizing him to make said expenditures.

The Auditor sustained the objection and surcharged the accountant with the amounts for which he claimed credit.

The court sustained exceptions to the Auditor's report, inter alia, to his surcharging the accountant with the amount spent for such repairs as it plainly appeared were necessary and proper; but confirmed the report as to the surcharge of the accountant with the amount spent for building the new kitchen, and other matters not necessary.

Thereupon Thomas Frankfield, the substituted committee of said lunatic, and Aaron Troxell et al., sureties on the accountant's bond, took separate appeals, the former assigning for error, inter alia, the decree of the court allowing credit to the

accountant, for repairs made to the real estate, and paid for out of the principal of the estate, without a precedent order of the court authorizing the same; the latter assigning for error the refusal of certain credits to the accountant.

*Edward Harvey* (*Edwin H. Stine* with him), for Frankenfield.

*R. E. Wright & Son*, for Troxell et al.

The opinion of the court was delivered, March 19th 1883.

PER CURIAM. These two appeals were argued together. In making the repairs of the property of the lunatic, without a previous order of the court, the committee ran the risk of not having his action approved. In so far as the court has since decided the repairs to have been necessary and proper, the ratification is as valid as if previously authorized. The learned judge appears to have carefully scrutinized all the charges made by the committee. He has allowed for no repairs that he would not have ordered in case application had been made before the expenditures were incurred. We see nothing in the case to require us to reverse his action in the adjustment of the account.

Decree affirmed in each case, and the appeals dismissed at the costs of the respective appellants.