## Commonwealth of Pennsyivania, for use of Almatrim Beatty, Committee of John M. Patterson, a Lunatic, *v.* John Patterson and James Patterson, Appellants.

*Lunacy—Evidence—Record evidence.*

In an action on a bond of a committee of a lunatic by a substituted committee to recover a balance of the lunatic's estate in the hands of the committee, it is proper to admit in evidence the adjudication of lunacy, the appointment of the committee, the giving of the bond in suit, and the approval thereof by the court, the filing of the account by the committee, and the adjudication upon such account.

*Lunacy—Action against committee—Res adjudicata.*

In an action against the committee of a lunatic whose account has been finally adjudicated by the court, the committee will not be permitted to prove that he never received a part of the money with which he was charged in his account which had been adjudicated by the court. The adjudication of the account, unappealed from, is res adjudicata, and cannot be collaterally attacked.

*Lunacy—Actions against committee—Act of June 14, 1836.*

Under the Act of June 14, 1836, P. L. 637, sec. 6, an action upon the bond of a committee of a lunatic must be instituted in the name of the commonwealth, but it is not necessary, in order to maintain the action, to prove or to offer to prove that the commonwealth has suffered injury. If in such a case the equitable plaintiffs recover anything, judgment must be entered in favor of the commonwealth in the amount of the penalty of the bond.

*Lunacy—Bond—Scire facias—Assumpsit.*

Where a scire facias has been brought upon the bond of a committee of a lunatic, and an affidavit alleging breaches has been filed, and subsequently the form of action is changed to assumpsit, and the case goes to trial upon the merits under circumstances which showed that the defendant acquiesced in the affidavit as a sufficient statement of claim, a judgment in favor of the plaintiff will not be reversed, but he will be permitted to file a statement in proper form, nunc pro tunc, in the appellate court.

*Lunacy—Practice—Assumpsit—Bond—Act of May 25, 1887.*

Under the Act of May 25, 1887, P. L. 271, assumpsit is the proper form of action upon the bond of a committee of a lunatic.

Argued May 8, 1899. Appeal, No. 31, April T., 1899, by defendants, from judgment of C. P. Lawrence Co., March T., 1897, No. 89, on verdict for plaintiff. Before Rice, P. J., Orlady, W. W. Porter, W. D. Porter and Beeber, JJ. Affirmed. Opinion by W. D. Porter, J.

Assumpsit upon a bond of suretyship.   Before WALLACE, P. J.
The facts appear in the opinion of the court.

At the trial the court, under objection and exception, admitted the adjudication of lunacy [1], the appointment of a committee [2], the giving of a bond in suit and the approval thereof [3], the filing of the account by John Patterson, the committee [4], and the adjudication upon said account [5].

When John Patterson was on the stand he testified as follows :

[" Q.  Had you any business with Robert Patterson, the father of the lunatic, in his lifetime ?   A.  Yes, sir.   Q.  What was it ? "

Mr. McConnell, of counsel for plaintiff :  We object, as this matter is not material.

The Court :  State the purpose.

Mr. Jackson, of counsel for defendants :  The present purpose —the question is preliminary—is to show that the alleged liability here grows out of a note which this man gave as an individual, and which was never paid, and the money which he charged himself with in his account was never, in fact, received by him ; never came into his hands as committee of the lunatic at all.   This is for the purpose of showing that the bail of the committee could not be liable for moneys that were never, in fact, received.   And, further, they could reasonably have been collected at the time if it had been attempted.

Mr. McConnell :  My objection is that this testimony is irrelevant and immaterial to affect this case, this transaction, as alleged now, being between John Patterson, the witness and former committee and accountant, and Robert Patterson.

The Court :  The objection is sustained.   The decree of the court in my opinion binds both the bail and the principal, and fixes the amount, and no defense can be offered here except payment, to that decree of the court.   Exception sealed for the defendants.] [6]

[James Patterson, defendant, offered to prove that $1,000 of the money with which John Patterson charged himself in his account as committee was not, in fact, ever received by said John Patterson ; that the committee never could have collected said money, and was in no way liable for it as committee ; and that he charged himself with it in the account for the purpose of paying his own individual obligations ; it was wholly uncol-

lectible from and after the time he was appointed committee; and all this without the knowledge or consent of James Patterson, his bail or surety.

Objected to as irrelevant and immaterial to affect this case, this action being brought to recover the balance owing as found by the decree of the court on the final account of John Patterson.

The Court: Objection sustained. Exception sealed for defendants.] [7]

[Defendants' counsel then offered to prove that the balance or remainder of the amount of the decree of the court of common pleas, never came into the hands of John Patterson, committee, and that by making the several payments for which said receipts were given, defendants paid in full all moneys for which they are liable, by and under the terms and conditions and covenants of the bond in evidence.

Same objection, ruling and exception. Exception sealed.] [8]

[James Patterson offered to prove that John Patterson never as committee received all of the moneys with which he charged himself in his account; and that he charged himself with $1,000 which he never in fact received, and which he in no way was liable or accountable for; and that he filed his account charging himself with $1,000 more than he received, without the knowledge or consent of James Patterson, his bail, and in fraud of him.

Objected to as incompetent and irrelevant and as a collateral attack upon the decree of the court upon the auditor's report.

Objection is sustained and exception sealed.] [9]

Plaintiff's points and the answers thereto among others were as follows:

[1. The plaintiff's declaration or statement of claim will not support a verdict in favor of the commonwealth of Pennsylvania. *Answer:* Refused.] [10]

[2. Under the pleadings in this case the jury cannot find a verdict in favor of the commonwealth of Pennsylvania. *Answer:* Refused.] [11]

[4. The plaintiff's declaration or statement does not allege any breach of any condition of the bond in evidence, and for that reason the verdict must be for the defendant. *Answer:* Refused.] [12]

[6. As an action of assumpsit will not lie on an official bond, this verdict must be for the defendants. *Answer:* Refused.] [13]

[7. No verdict can be rendered against the defendant, James Patterson, the surety. *Answer:* Refused.] [14]

Verdict and judgment for the equitable plaintiff for $942.10. Defendants appealed.

*Errors assigned,* among others, were (6–9) rulings on evidence, quoting the bill of exceptions. (10–14) Above instructions, quoting them. (15) In entering judgment on the verdict.

*J. Norman Martin,* with him *Oscar L. Jackson,* for appellant. —Suit on a committee's bond must be brought under the Act of June 14, 1836, sec. 6. The remedy is exclusive and prohibitory of all others: Com. v. Cope, 45 Pa. 161; Smith v. Com., 59 Pa. 320; Com. v. Straub, 35 Pa. 137; Clement v. Com., 95 Pa. 107; Miltenberger v. Com., 14 Pa. 71; Wampler v. Shissler, 1 W. & S. 365; Com. v. Pray, 1 Phila. 58.

James Patterson, appellant, was not a party to the account filed by the committee, and he was not a party to the proceedings before the auditor or in court. He has not had his day in court, is not bound by the proceedings; the decree is not conclusive as to him, and he is not estopped to show the facts. On the commonest principles of justice the surety had the right to defend as to money that never came into the principal's hand. To hold otherwise is to make him bail on the note, and that he never undertook: Wilkes-Barre v. Rockafellow, 171 Pa. 177; U. S. v. Boyd, 40 U. S. 187; Farrar v. U. S., 30 U. S. 373; Com. v. Reitzel, 9 W. & S. 109; Loan Co. v. Hall Assn., 48 Pa. 446.

*M. McConnell,* for appellee.—The decree of the court of common pleas upon the final account is conclusive as to the surety: Raeder's App., 167 Pa. 597; Stub v. Stub, 3 Pa. 251; Com. v. Straub, 35 Pa. 137; Giltinan v. Strong, 64 Pa. 242; Boyd v. Com., 36 Pa. 355.

The declaration may be amended by the court in matter of form after verdict and judgment and after writ of error has been sued out before the removal of the record where substantial justice has been done in the trial of the cause: Wampler v.

Shissler, 1 W. & S. 365; Shamburg v. Noble, 80 Pa. 158; Waite v. Palmer, 78 Pa. 192; Shoenberger v. Hackman, 37 Pa. 87; Miller v. Weeks, 22 Pa. 89.

The form of action may be changed, the cause of action remaining the same: Smith v. Bellows, 77 Pa. 441; Collins v. Barnes, 130 Pa. 356; Taylor v. Hanlon, 103 Pa. 504.

OPINION BY W. D. PORTER, J., March 21, 1900:

John M. Patterson having been adjudged a lunatic, after regular proceedings in the court of common pleas of Lawrence, county, John Patterson was appointed his committee, and James Patterson became surety on the bond of said committee, which was in due form and regularly approved by the court. John Patterson subsequently filed a final account as committee, and after exceptions were disposed of the court ascertained and decreed a balance in his hands of $2,789.10, after the payment of all costs, and said John Patterson resigned as committee; and the said John Patterson having resigned said trust, and Almatrim Beatty having been appointed and duly qualified as his successor in the trust, the court decreed that the said John Patterson, committee of John M. Patterson, pay over to the said Almatrim Beatty, committee of John M. Patterson, the sum of $2,789.10 aforesaid. John Patterson paid over a part of the balance which had been adjudged against him, but made default in payment of the balance, and this action was brought by the committee to recover the amount still remaining unpaid. The action was commenced by scire facias but was amended, before trial, by changing the form of action to assumpsit.

The first five specifications of error refer to the admission of the record of the proceedings in the estate of the lunatic. It was necessary for the plaintiff to establish the adjudication of lunacy, the appointment of the committee, the giving of the bond in question and the approval thereof by the court, the filing of the account by John Patterson, committee, and the adjudication upon said account. The record was the best evidence upon all of these questions, and the first five specifications of error are overruled.

The sixth, seventh, eighth and ninth specifications of error are founded upon the rulings of the court in sustaining objec-

tions to offers of testimony made by the defendant. These offers taken together simply amount to an offer to prove that John Patterson, the committee, never received a part of the money with which he was charged in his account as committee which had been adjudicated by the court. This was a final account and not a mere triennial statement, and the adjudication thereof by the common pleas was in the nature of a decree in chancery, had all the effect of a judgment, and is binding until reversed: Fuchs's Case, 6 Whart. 190; Vincent v. Watson, 40 Pa. 306. The court had jurisdiction of the parties and of the subject-matter, and its decree is binding upon parties and privies and cannot be attacked collaterally: Warder v. Tainter, 4 Watts, 270; Yaple v. Titus, 41 Pa. 195; Knox v. Flack, 22 Pa. 337; Davidson v. Thornton, 7 Pa. 128. Even if the evidence had been inadvertently admitted, there being no allegation of fraud, it would have been the duty of the court to have struck it out, on motion. The sixth, seventh, eighth and ninth specifications of error are without merit.

The tenth and eleventh specifications of error assert that the plaintiff's declaration or statement will not support a verdict in favor of the commonwealth of Pennsylvania. The Act of June 14, 1836, P. L. 637, sec. 6, directs that in actions of this character the writ shall issue in the name of the commonwealth, and the names of the persons by whom the same shall be sued out shall be suggested as plaintiffs therein, and such persons shall be liable for costs. The commonwealth was necessarily the legal plaintiff, but in order to maintain the action it was not necessary to offer or to prove that the commonwealth had suffered injury. If the equitable plaintiffs, however, recovered anything, then, under the terms of the act, judgment must be entered in favor of the commonwealth in the amount of the penalty of the bond. The tenth and eleventh specifications of error are dismissed.

The twelfth specification of error complains of the refusal of the court to affirm defendants' fourth point, the point being as follows: " The plaintiff's declaration or statement does not allege any breach of any condition of the bond in evidence, and for that reason the verdict must be for the defendants." This action was begun by scire facias upon the bond, and with the præcipe for scire facias was filed on behalf of the plaintiff, and

at his request, by an agent having knowledge of the facts, an affidavit, in which was set forth all the facts necessary to sustain an action, the appointment of John Patterson, the approval of his bond, with surety, the adjudication of his account and the order to pay over to his successor in the trust, his failure to pay over, and that he was insolvent.  The action being by scire facias, this was not filed as a statement but as an affidavit, the affidavit alleging breaches.  The defendants replied by affidavit and pleaded payment.  On March 7, 1898, an order was made changing the form of action to assumpsit.  In strictness there was no statement then upon the record, but the parties went on and treated the affidavit filed, in which the facts were set forth, as a statement.  On April 13, 1898, the case was called for trial, whereupon, before the jury was sworn, defendants' counsel asked the court to direct the plaintiff to pay the costs in this case up to the time of the allowance of the amendment.  Counsel for plaintiff thereupon produced the receipt for the costs, and without further objection defendants permitted the jury to be sworn to try the issue.  This was an acquiescence upon their part in treating the original affidavit as a statement.  If they did not intend to so treat it, it was trifling with the court to permit the jury to be sworn to try the issue when the case was not at issue.  If they had made the objection before going into a trial upon the merits, it ought to have been sustained, but having gone through with a trial upon the merits it is too late to raise a question of this character.  If there was anything in the record, or any circumstances to suggest that they had been prejudiced in the trial upon the merits, or if they had said to the court at any stage of the trial that there was no declaration or statement in the case, and they had still been forced to go on, their assignment of error would have had merit.  The points submitted by the defendants repeatedly refer to the plaintiff's declaration or statement, but in none of them is a suggestion that there is no declaration or statement.  The court had a right to assume that the parties had agreed to consider the affidavit filed at the beginning of the case as a declaration or statement.  Accepting that affidavit as a statement, it contained all the allegations necessary to support the action.

The twelfth, fourteenth and fifteenth specifications of error

·are dismissed. Prior to the Act of May 25, 1887, P. L. 271, an action of assumpsit certainly could not have been maintained upon a bond of this character. But that an action of debt could have been sustained is also without doubt. The act of 1887 abolished the distinction existing between actions ex contractu and constituted the action of assumpsit, the remedy for all demands formerly recoverable in debt, assumpsit or covenant. To bring an action of debt upon a bond under our present practice would be irregular. The thirteenth assignment of error is without foundation.

The plaintiff has negligently failed to file his declaration. The act of 1887 greatly simplified the practice of the law, but there is still a necessity that there should be some sufficient record in every proceeding. The defendants not having objected to the absence of the statement at the proper time, and having gone through with a trial upon the merits, in which the record demonstrates they were in no way prejudiced by the absence of the statement, we will allow it to be filed in this court.

The plaintiff is granted leave to file a statement in proper form, including the averments of the affidavit filed upon the issuance of the scire facias, and thereupon the judgment will be affirmed.