# Spaulding, Appellant, *v.* Bullock.

*Lunacy—Committee—Sale of personal property—Trespass.*

Where the committee of a lunatic, pending the traverse of the return of the inquisition, sells personal property belonging to the estate of the lunatic, and subsequently files an account embracing the proceeds of the property, and the account is confirmed, and the balance shown by it distributed and paid out under the report of an auditor and the decree of the court, the alleged lunatic cannot after the finding of the inquisition is reversed, maintain an action of trespass against the committee to recover the value of the personal property sold.

Argued Feb. 13, 1902. Appeal, No. 47, Jan. T., 1902, by plaintiff, from judgment of C. P. Bradford Co., Dec. T., 1899, No. 241, non obstante veredicto in case of Hanford L. Spaulding v. Charles E. Bullock. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.   Affirmed.

Trespass by an alleged lunatic against his committee to re-

cover damages for the sale of personal property, pending traverse of inquisition. See Mitchell v. Spaulding, ante, p. 296.

The facts appear by the opinion of the Superior Court.

Verdict for plaintiff for $671.05, subject to question of law reserved.

The court subsequently entered judgment for defendant non obstante veredicto.

*Error assigned* was in entering judgment non obstante veredicto.

*J. T. McCollom* and *T. S. Hickok*, for appellant.

*J. W. Stone*, with him *Lee Brooks*, for appellee.

OPINION BY W. D. PORTER, J., April 28, 1902:

The plaintiff had by an inquisition duly returned been found a lunatic, the defendant had been appointed committee of his person and estate and given security as required by the statute, and the alleged lunatic, the plaintiff, had subsequently traversed the finding of the inquisition. During the pendency of the traverse, the committee sold certain personal property belonging to the estate of the lunatic. Upon the subsequent trial of the traverse, the finding of the inquisition was reversed and the plaintiff was determined to be sane. This action of trespass was afterwards brought by the plaintiff to recover the alleged value of the personal property so sold. The jury under instructions of the learned judge who tried the cause found a verdict for the plaintiff, but the court subsequently entered judgment in favor of the defendant non obstante veredicto, upon a question of law reserved. The form of the question reserved might be the proper subject of criticism, but the reservation leaves no doubt as to the real question presented for consideration, and we must consider the substance and not the form. The real question to be considered is: did the record of the proceedings under the commission of lunacy present a bar to plaintiff's right to recover in this action?

This case grows out of the same proceeding in lunacy which was involved in the case of Mitchell v. Spaulding, ante, p. 296. We there held that after the return of an inquisition finding

lunacy, the jurisdiction of the court of common pleas over the person and estate of the alleged lunatic was complete and was not suspended during the pendency of a traverse.    After inquisition found, the court has jurisdiction of the estate and may make orders and decrees respecting its custody, management or sale, so long as the finding of the inquisition is not reversed or superseded.    In the exercise of this jurisdiction, the court may appoint a committee of the person and estate, and such committee is vested with all the powers delegated by the several sections of the Act of June 13, 1836, P. L. 592.    The lunatic is in effect the ward of the court and his estate is in the custody of the law.    The plaintiff's statement averred, and the evidence conclusively established that, " the said Charles E. Bullock, the defendant, at the time of his appointment as committee of Hanford L. Spaulding, did by virtue of his office as such committee take into his care and possession the following personal property."    The act of June 13, 1836, section 20, provides that the committee of the estate of every person found to be a lunatic shall have the management of the real and personal estate of such person and shall, from time to time, apply so much of the income thereof as shall be necessary, to the payment of his just debts and engagements and the support and maintenance of such person and of his family and for the education of his minor children. The 26th section provides that if the income of the estate is not sufficient for the purposes aforesaid, it shall be lawful for the committee, under the direction of the court, to apply so much of the principal of the personal estate as shall be necessary for the purpose.    The act of the committee in taking possession of the personal property was lawful, by authority of the statute, and he did not thereby become a trespasser.    He was in possession of the property as the agent of the court and was charged with the duty of management; he was required to apply so much of the income as was necessary for the purposes specified in the statute, if he exceeded the income and expended any part of the principal, without having previously obtained an order of the court he did so at his peril, but the court might in the adjudication of his final account approve and ratify such expenditure: Frankenfield's Appeal, 102 Pa. 589; Hain's Estate, 167 Pa. 55.

The defendant having lawfully as committee come into possession of the property, the law required him to account to the court whose officer he was for the manner in which he performed the duties of his trust. The act of June 13, 1836, section 41, determines the manner in which the account of a committee shall be settled. The record under which the defendant justified his action established that he had been lawfully appointed committee of the estate of the lunatic, that he had, as required by the statute, filed his account, embracing the proceeds of the very property which is the subject of this litigation, which had on September 27, 1897, been confirmed by the court having jurisdiction thereof; that the account so adjudicated determined the balance in the hands of the accountant to be $272.91 ; and that said balance had been distributed and paid out under the report of an auditor and the decree of the court. The court had jurisdiction of the parties and of the subject-matter, the adjudication of the account had all the effect of a judgment, is conclusive until reversed, and cannot be attacked collaterally : Commonwealth v. Patterson, 13 Pa. Superior Ct. 136 ; Vincent v. Watson, 40 Pa. 306. The judgment of the court having jurisdiction of the account of the committee could not be reviewed by the jury in this action of trespass.

The judgment is affirmed.