# Spaulding, Appellant, *v.* Bullock.

*Lunacy—Committee—Sale of personal property—Trespass.*

Where the committee of a lunatic, pending the traverse of the return of the inquisition, sells personal property belonging to the estate of the lunatic, and subsequently files an account embracing the proceeds of the property, and the account is confirmed, and the balance shown by it dis-

tributed and paid out under the report of an auditor and the decree of the court, the alleged lunatic cannot after the finding of the inquisition is reversed, maintain an action of trespass against the committee to recover the value of the personal property sold.

Argued March 17, 1903.   Appeal, No. 245, Jan. T., 1902, by plaintiff, from judgment of Superior Court Jan. T., 1902, No. 47, affirming judgment of C. P. Bradford Co., Dec. T., 1899, No. 241, non obstante veredicto in case of Hanford L. Spaulding v. Charles E. Bullock.   Before MITCHELL, DEAN, FELL, BROWN and POTTER JJ.   Affirmed.

Appeal from Superior Court.

The facts appear by the opinion of the Supreme Court and by the report in in 20 Pa. Superior Ct. 301.

*J. T. McCollum* and *T. S. Hickok*, for appellant.

*J. W. Stone*, with him *Lee Brooks*, for appellee.

OPINION BY MR. JUSTICE FELL, May 18, 1903:

The committee of the alleged lunatic was in lawful possession of his property, charged with the duty to manage it and to apply as much of the income thereof as should be necessary to the payment of debts and the support of the lunatic; and he was empowered in case the income was insufficient, to apply under the direction of the court as much of the principal of the personal estate as was necessary for these purposes. The power to use the principal necessarily implied the power to sell, and the only irregularity was in the failure of the committee to obtain an order of court for that purpose.   The whole matter was in the control of the court, whose officer the committee was, and the subsequent ratification of his action gave to it the same validity that the previous authorization would have given.   We agree with the view expressed in the opinion of the Superior Court, 20 Pa. Superior Ct. 301, that the approval and confirmation of the account of the committee by the court of common pleas was an adjudication that was conclusive on the plaintiff.

The judgment is affirmed.