## FARWELL v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5.

Circuit Court of Appeals, Second Circuit. Feb. 17, 1930.

estate of Lizzie W. Langdon, which was named as one of the payees, could not collect them except in accordance with the provisions of the special agreement. In Burke v. Dulaney, 153 U. S. 228, 14 S. Ct. 816, 38 L. Ed. 698, Storey v. Storey (C. C. A.) 214 F. 973, and other cases too numerous to make additional citation worth while, it was held that the conditional delivery of a note could be shown by parol. Here it is shown by the papers themselves; and the conditions upon which a note is delivered may defeat the express promise to pay. Montpelier Seminary v. Smith's Estate, 69 Vt. 382, 38 A. 66. Indeed, these notes are only so called herein for convenience to distinguish them from the remainder of the written contracts of which they are but a part. These contracts plainly disclose that they were all contracts of indemnity for the benefit of the guardian, and enforceable only in the event that one or more of the recipients of the payments questioned his right to credit himself with such payments when he settled his account with the probate court. No such contingency ever arose nor could arise after the final account of the guardian was approved and allowed by the probate court on January 21, 1926, since no petition for re-examination was filed or appeal taken. Therefore the notes themselves do not and never did represent money due and owing to the estate. In view of this, we need not consider the petitioner's claim as to the effect of the statute of limitations.

█ Nor has the estate any claim upon the guardian for the recovery of the payments on the ground of unlawful diversion of the guardianship assets. Whether the money made available to Mrs. Schroeder or her children be called gifts or conditional loans, the result is the same, for the intent of the parties controls rather than the name given to the transaction. The intent was clearly to give the Schroeder's some of Lizzie's income which she did not and would never need; which they did presently require and some or all of them would eventually share as her heirs.

The general rule is that surplus income from the estate of an incompetent may, with the approval of the court having jurisdiction, be applied for the benefit of those the incompetent would probably have aided if of sound mind. Woerner on Guardians, 457; Potter et ux. v. Berry, 53 N. J. Eq. 151, 32 A. 259, 34 L. R. A. 297, 51 Am. St. Rep. 626; Matter of Flagler, 248 N. Y. 415, 162 N. E. 471, 59 A. L. R. 649; Matter of Heeney, 2 Barb.

George L. Shearer, of New York City (M'Cready Sykes, Harry J. Campaign, and George L. Shearer, all of New York City, of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen. (Sewall Key and Andrew D. Sharpe, Sp. Assts. to Atty. Gen. and C. M. Charest, Gen. Counsel, and Prew Savoy, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge (after stating the facts as above).

█ Since each of these notes was part of a special written agreement made by the parties at the time they were given, the

Ch. (N. Y.) 326; Matter of Earl of Carysfort (1840) Craig & Ph. 76; In re Whitaker, 42 Ch. Div. 119. And the court may, of course, ratify and approve what it had the power to authorize. Estate of Hain, 167 Pa. 55, 31 A. 337. The payments made were gifts, as in Matter of Farmers' Loan & Trust Co., 181 App. Div. N. Y. 642, 168 N. Y. S. 952, unless the Schroeders or one of them by objection called into play the terms of the indemnity agreements.

Because the probate court ratified and approved every payment made by the guardian and no application for re-examination and correction was made within two years, or appeal taken, the decision of that court is final and conclusive. General Laws of Vermont, § 3712. Although the probate court is of limited jurisdiction, its acts, orders, and decrees, within the scope of its jurisdiction are as conclusive as those of any other court. Sparhawk v. Buell's Administrator, 9 Vt. 41; Tryon's Administrators v. Tryon, 16 Vt. 313. And the probate court has exclusive jurisdiction of the settlement of accounts of guardians. Probate Court v. Slason, 23 Vt. 306. As gifts to Mrs. Schroeder and her children, approved by the probate court, the payments diminished the property and subsequent estate of Lizzie W. Langdon by their sum total, and her administrator has never had any right or credit which could inure therefrom to the benefit of the estate. No claim is made that they were gifts in contemplation of death.

This cause is remanded, with directions to compute the deficiency tax only on the adjustments hereinbefore mentioned.