## CITY BANK FARMERS TRUST CO. v. HOEY, Collector of Internal Revenue.
### No. 163.

Circuit Court of Appeals, Second Circuit.

Jan. 9, 1939.

Montgomery, Peabody, Grace & Derby, of New York City (J. Seymour Montgomery, Jr., of New York City, of counsel), for appellant.

Lamar Hardy, U. S. Atty., of New York City (George B. Schoonmaker, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff was, during all the time now material, the duly appointed and acting committee of the property of Helen Hall Vail, an incompetent of Geneva, New York. On January 14, 1927, an order was made by the state court having jurisdiction requiring the plaintiff to make certain payments from the incompetent's property to a daughter and to the guardian of three of her grandchildren. On June 3, 1932, an order was made by the same court increasing the payments to be made as before ordered. The payments were thereafter made as ordered by the court and a return was filed, on or about October 31, 1933, by the committee with the defendant collector which included those made between June 7, 1932 and December 31, 1932. This was for information and for the purpose of obtaining a ruling as to whether or not they were subject to the Gift Tax Act of 1932, section 501 et seq., 26 U.S.C.A. § 550 et seq., which took effect on June 6th in that year. Similar returns were filed for like reasons on or about March 2, 1934 which included payments made during 1933; and on or about March 14, 1935 which included the payments made during 1934.

The defendant treated the payments as gifts subject to tax and demanded payment. The taxes were paid; a claim for refund was duly made and denied; and this suit was brought to recover them. The complaint was dismissed and plaintiff has appealed.

Because the orders that required the committee to make the payments which have been taxed were made before the effective date of the gift tax statute it is argued that payments made after the gift tax was in force were themselves immune from taxation. The theory is that the orders created a right akin to that which flows from the entry of a judgment and that compliance with them by the committee subsequently was but a succession of ministerial acts in making payments in installments on a gift completed at the time of the orders.

It is clear, as the parties agree, that the transfers of the property of the incompetent to her daughter and to her grandchildren were gifts. Farwell v. Commissioner of Internal Revenue, 2 Cir., 38 F.2d 791. And decision on this appeal turns upon whether such gifts were completed before the gift statute was in effect or afterward.

The statute (26 U.S.C.A. Sec. 550(a) imposed a tax upon the transfer of property by gift and the solution to the problem here presented is found primarily in the statutory language. We need not decide just what was the nature of the rights created by the orders when made more than to notice that obviously they did grant to the beneficiaries the right to have the payments made to them periodically in the future so long as the orders remained in force and such conditions as they contained were fulfilled. But the entry of neither order transferred the subject matter of the gifts though it created rights to have transfers made in the future. When such transfers were actually made there was a transfer of property by gift. The prior creation of rights to have the transfers made could not change the fact of the transfers or the time of the transfers.

Because a gift is not made in contemplation of law until delivery to the donee as complete as the subject matter and circumstances permit, there is usually no gift without what is called "the transfer" in the gift statute. But we need not now decide with meticulous care what, if any, effect the orders had beyond making it the duty of the committee to make the subsequent transfers of the property. It is enough that the fulfillment of that duty brought about transfers of property after the statute was in force, and that such transfers were the means by which the property which was the subject matter of the gifts was made available to the donees.

They were, accordingly, transfers by gift and taxable as such.

Affirmed.